Case 57—INDICTMENT—March 14.

# Ches. & Ohio R. R. Co. v. Commonwealth.

APPEAL FROM CLARK CIRCUIT COURT.

1. Former acquittal.—Two indictments were found at the same time against appellant for a nuisance alleged to have been committed by obstructing a public road with its cars. The time at which the offense was charged to have been committed was the same in both indictments. Appellant having been acquitted under one indictment, pleaded former acquittal upon the trial of the other. *Held*—That as the State has the right in such a case to show that the defendant had committed the offense charged at any time within a year prior to the indictment, a ·conviction or an acquittal under one indictment does not *ipso facto* bar another indictment found at the same ˙time for the same character of offense. The first trial is a bar to the further prosecution for only such offenses as were then proved or attempted to be proved; and whether the same acts were proved or attempted to be proved upon the first trial is a question of fact. Therefore, as the defendant in this case offered testimony tending to show that upon the first trial the Commonwealth in the examination of its witnesses embraced the entire year, the issue thus presented should have been submitted to the jury, as this testimony, if true, showed the attempt to prove the obstruction at the time named by the witnesses in this case.

:2. Indictment.—The charge in one of the indictments that the obstruction was "habitual" was surplusage, and did not change the character of the offense.

·BRECKINRIDGE & SHELBY for appellant.

1. Upon the proof afforded by the *record alone* in the first case, the plea of former acquittal was, as matter of law, conclusively sustained, and the jury should have been told to so find.

Upon this plea it devolves upon the defendant to show two things: First, the record of the former acquittal by a court of competent jurisdiction, upon a good indictment, charging, in terms, the same offense; and, second, the identity of the offenses. (1 Bishop on Criminal Procedure, section 816; Wharton's American Criminal Law, section 568; 3 Greenleaf on Evidence, section 36.)

2. An acquittal under the first indictment is necessarily an acquittal, not of one only but of *every* act within that year, proof of which would have sustained the indictment. (Williams v. Commonwealth, 78 Ky., 100; Russell on Crimes, side page 832.)

3. If the identity of the offenses was not conclusively settled by the record, then the question should have been submitted to the jury. (Wharton's American Criminal Law, section 570; 1 Bishop on Criminal Procedure, sections 812 and 816; Solliday v. Com., 4 Casey, 13.)

4. As the offense charged in the indictment was an *habitual* obstruction, it was error to allow the jury to find defendant guilty upon *one* act obstruction.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

Two indictments were found at the same time against the appellant, the Chesapeake & Ohio Railroad Company, for nuisance, by obstructing a turnpike road with its cars. Each charged that the offense was committed at the same time, and they are couched substantially in the same language, save the one now under consideration avers that the obstruction was "habitual." A continuing nuisance was not charged, however, and it is proper only for the purpose of abatement. Punishment only was sought, and the charge therefore of habitual commission was surplusage, since although each act of obstruction constituted an offense, yet a conviction could be had under the one indictment for but one offense, although frequent ones were charged. The same character of offense was therefore charged in each indictment.

One of the cases was tried, resulting in an acquittal. Subsequently, and at the same term of court, this one was also tried, the plea being a former acquittal as well as "not guilty," and the verdict, a fine of $750 against the appellant.

It offered in evidence the record of the former case, and also introduced several witnesses to show the identity of the offenses charged. At the close of the evidence the lower court refused either to instruct the jury to find

for the appellant, or as to the issue presented by the plea of former acquittal.

It is now contended that the *record alone* of the former case afforded evidence which, as matter of law, conclusively sustained this plea, and that it was the duty of the court to draw this necessary legal conclusion and instruct the jury to find for the accused. This argument is based upon the general rule that if the first indictment were such that the accused might have been convicted under it upon proof of the facts by which the second is sought to be sustained, then the jeopardy which attached upon the trial of the first one is a bar to a trial upon the second one. (1 Wharton's Criminal Law, 7th Ed., section 565; Cooley's Con. Limitations, page 328.)

It is true the indictments were found upon the same day; they were for the same character of offense; they covered the same period of time, because the statutory limitation under our law to such a prosecution is one year; but the time named in them as being that when the offense was committed was not material, and each obstruction was a distinct offense. The State was not confined to any particular time, but had the right to show that the appellant had so offended at any time within a year previous to the finding of the indictment. This being so, a conviction or an acquittal would not, *ipso facto,* bar another indictment found at the same time and charging the same character of offense. Whether the same act was proven or attempted to be proven upon the trial of the other one would be a question of fact; and the first trial would only be a bar to a further prosecution for such offenses as were then proven or attempted

to be proven.   This would, of course, have to be shown by extrinsic evidence.   The general rule, therefore, above cited, does not control such a case.

If A be tried for the murder of B, and acquitted because of a failure to prove some material fact, as the death of B, then it does apply, and a second trial can not be had upon the ground that the Commonwealth has now secured the testimony.   In such a case there is but one offense.   It is unlike this one.   In this character of case the State could, upon the trial of one indictment, select one particular act or offense and proceed for it; and, under the other indictment, although found at the same time, it could prove a different one.   It does not follow, therefore, that an acquittal under one indictment is necessarily an acquittal not of one only, but of every act within the year, the proof of which would have sustained the first indictment.   If this were the rule, then, although the accused might have committed the offense a hundred times within the year, yet an acquittal upon an indictment, under which it could only be convicted for a single commission, would be a complete protection as to all, although, in point of fact, but the one unlawful act had been investigated.   The statement of a proposition leading to such a result is its own refutation.

The fundamental law protects one from being twice put in jeopardy.   Indeed, the rule is imbedded in the very elements of the common law, not only as to criminal, but even as to civil cases; *nemo debet bis vexari, pro una et eadem causa;* but yet it recognizes not only the difficulty but the necessity of punishing offenders; and therefore in its wisdom does not confine the Commonwealth in

proving offenses to the time named in the indictment; but it may prove or attempt to prove the commission of the offense at any time not beyond the period fixed by limitation. In a case like this one, it can not, upon the trial of the second indictment, prove any act which it even attempted to prove upon the other trial. If the attempt embraced the entire year in a sort of drag-net way, then it may properly be said that the accused has been tried for all the offenses attempted to be proven. He has, in such a case, been in jeopardy as to all the unlawful acts of the year of the character of that named in the indictment; and it does not matter that the State may have then failed to show his guilt. If it could, upon the trial of one indictment, inquire as to whether at this time or that, or whether during a certain time the accused had not committed the offense, and then, because it failed to elicit his guilt, retry him upon another indictment and go over the same ground, he would be subject to continuous trials. Such a rule would be unjust to the citizen and violative of not only the letter, but the spirit of the law.

Whether the accused has been once in jeopardy; whether the State has, upon the trial of another indictment, proved, or tried to prove, the same offense, is, however, in a case like this one, where there is testimony tending to so show, a question of fact to be submitted to a jury under proper instructions. It rests upon the defendant to show, however, that he has been acquitted of the identical offense; but this is done when it is made to appear that the same conduct was previously inquired, or attempted to be inquired, into by the State.

In this instance the appellant offered testimony tend-

ing to show that, upon the trial of the first indictment, the Commonwealth, in the examination of its witnesses, embraced the entire year, and endeavored to prove that at some time during that period the appellant had committed the act constituting the offense. This, if true, necessarily involved the attempt to prove the obstruction of the road at the time named by the witnesses in this case, and the issue thus presented should have been submitted to the jury.

Judgment reversed and cause remanded, with directions to grant the appellant a new trial, and for further proceedings consistent with this opinion.