CASE 47—INDICTMENT FOR NUISANCE—SEPTEMBER 30.

# Illinois Central R. R. Co. v. Commonwealth.

APPEAL FROM HARDIN CIRCUIT COURT.

1. JURISDICTION—INDICTMENT FOR NUISANCE.—The Circuit Court has jurisdiction to try the offense of common nuisance committed by obstructing a public highway.

2. NUISANCE—INDICTMENT.—An indictment which charged that a defendant railroad company "did unlawfully, willfully, repeatedly, continuously, unreasonably and for long and unnecessary and unreasonable periods of time, and for longer than five minutes at any one time, allow, permit and suffer its freight and passenger trains to stand and remain coupled and hooked together over and across a public road, etc.," stated a public offense of nuisance.

3. SUMMONS—QUASHAL OF FOR DEFECTIVE RETURN.—A summons regular in itself will not be quashed for irregularity in the officer's return.

4. VARIANCE IN DESCRIBING LOCALITY OF OBSTRUCTION.—A variance
between the indictment and proof in that the indictment de-
scribed the place of obstruction as near Vine Grove, while the
proof showed such place within Vine Grove, would not be ma-
terial, as mere matter of description; but such a variance
is material where the town is an incorporated one, as incorpor-
ated towns usually regulate such obstructions to the exclusion
of the common law punishment.

JAMES MONTGOMERY FOR APPELLANT.

Errors complained of as follows:
1. The error of the court in admitting testimony to show an ob-
struction of a way *in* Vine Grove, when the charge was obstruct-
ing a public highway of Hardin county *near* Vine Grove.
2. The further error of the court in admitting evidence of obstruc-
tions prior to November.
3. The still further error of the court in admitting verbal testi-
mony to establish a public highway.
4. The indictment charges only one, and that a temporary obstruc-
tion.
5. The indictment setting out that the obstruction was over five
minutes shows pleader regarded any obstruction for over five
minutes a nuisance, and so called it, though not an obstruction
for an unreasonable time.
6. The summons not appearing to be served by an officer should
have been quashed.
7. The court erred in compelling defendant to try at first term in
the absence of witnesses.
8. The court erred in instructing that *any one* obstruction, whether
in November or not, so it was within the twelve months, was
a nuisance.
9. The finding of the jury on the testimony shows it disregarded en-
tirely the affidavit as to what several witnesses would state, or was
so prejudiced as to be unable to do defendant justice.
10. The testimony as to defendant being a corporation should have
been ruled out, and there being no competent testimony as to
that or as to the road being a public highway, the court erred
in instructing that these facts were shown.
11. There is no merit in the prosecution.

PIRTLE & TRABUE, ALSO FOR APPELLANT.

No brief in the record.

WEED S. CHELF, COMMONWEALTH'S ATTORNEY, AND W. S. TAYLOR, ATTORNEY-GENERAL, FOR APPELLEE.

1. The demurrer to the indictment was properly overruled. I. C. R. R. Co. v. Com., 20 Ky. Law Rep., 115; Cin., &c., Ry. Co., v. Com., 80 Ky., 137.

2. The variance in the name of the road obstructed and the place of the obstruction is immaterial. Elliott v. Treadway, 10 B. M., 22; Wilkins v. Barnes, 79 Ky., 323; Ky. St., sec. 4287; Bowman v. Wickliffe, 15 B. M., 84; Hall v. McLeod, 2 Met., 98; Com. v. Abney, 4 Mon., 477; Thomas v. Bertram, 4 Bush, 317.

3. The instruction defining the offense was correct.

WEED S. CHELF, COMMONWEALTH'S ATTORNEY, W. S. TAYLOR, ATTORNEY-GENERAL, AND M. H. THATCHER FOR APPELLEE IN A PETITION FOR A REHEARING, MADE THE FOLLOWING ADDITIONAL CITATIONS:

Kemper v. Com., 85 Ky., 219; 8 Ky. Law Rep., 763; Com. v. Hunter, 19 Ky. Law Rep., 1109.

JAMES MONTGOMERY, IN RESPONSE TO PETITION FOR REHEARING. (PIRTLE & TRABUE, OF COUNSEL.)

Citations: Kelly Axe Co. v. Com., 15 Ky. Law Rep., 446; Ky. St., sec 1127, sub-sec. 2.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Upon the principles decided this day in the case of the Commonwealth against the present appellant, from Carlisle county, the Circuit Court had jurisdiction to try the offense charged against appellant, viz., that of maintaining a common nuisance by obstructing a public highway. The indictment in this case, however, differs materially from the one there under consideration. Here it is charged that the company "did unlawfully, wilfully, repeatedly, continuously, unreasonably, and for long and unnecessary

and unreasonable periods of time, and for longer than five minutes at any one time, allow, permit, and suffer its freight and passenger trains to stand and remain coupled and hooked together over and across the public road," etc. The demurrer was properly overruled.

Further complaint is made that, because of some alleged irregularity in the return of the officer as indorsed on the summons, the court should have sustained appellant's motion "to quash the process." As the form of the process was entirely regular, and is the usual form, the motion to quash it was properly overruled. Had the motion been to quash the officer's return, it might have been entertained, but the opportunity would have been afforded for correcting the return before quashing it. The further complaint is urged that while the indictment described the highway as the "Brandenburg road" and as "the Big Spring and Elizabethtown road where the appellant's railway crosses said public highway near the town of Vine Grove," the proof disclosed that the point of the alleged obstruction was in fact within the limits of the incorporated town of Vine Grove. This variance, we think, is wholly immaterial so far as it is supposed to have misled appellant as to the exact locality of the crossing alleged to have been obstructed. The misdescription as such is insignificant. But while to obstruct a public highway, within as well as without a town or city, is a common law offense, and punishable as a nuisance, yet the highways without are under the control of the general laws and the County Courts, while within such limits they are within the control and supervision of the governing authorities of the town, and the special laws applicable thereto. There may be, and there usually is, in their charters and ordinances, a full regulation of the subject

of obstructing the streets and public ways of towns and
cities; and ordinarily they are so definite and specific as
to leave no room to doubt that they supersede the common
law punishment. We think, therefore, that the appellant
was entitled to be informed in the indictment whether the
point alleged to be obstructed was within or without the
town or city limits. The variance was material and fatal,
for the reason given, and judgment should have gone for
the defendant. Reversed for proceedings in accordance
herewith, and dismssal of indictment unless further proof
may disclose the point of obstruction to have been without
the town limits.