CASE 45—INDICTMENT FOR SELLING LIQUOR BY RETAIL—June 20.

# Raubold v. Commonwealth.

### APPEAL FROM BARREN CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

INDICTMENT—UNCERTAINTY—USE OF "OR" INSTEAD OF "AND"—FORMER CONVICTION.

Held: 1. An indictment charging that defendant sold spirituous, vinous, "or" malt liquors is bad for uncertainty.

2 Under an indictment charging a sale of liquor at a certain hour of a day named, it was error to sustain a demurrer to defendant's plea of former conviction under an indictment charging a sale at another hour of the same day, as defendant had the right to show on the trial, as averred in the plea, that the act for which he was previously convicted was the same act for which he was being tried; the question as to what acts were proved on the former trial being one of fact.

V. H. BAIRD, ATTORNEY FOR APPELLANT.

1. The court erred in overruling appellant's motion for continuance.
2. The court erred in overruling demurrer to indictment. Crim. Code, sec. 165, sub. sec. 3, sec. 127; 90 Ky., 488; 78 Ky., 180 and 130.
3. The court erred in sustaining demurrer to defendant's plea of former trial and conviction. Crim. Code, sec. 164, sub. sec. 4; 88 Ky., 368; 83 Ky., 193.

CLEM J. WHITTEMORE AND ROBT. J. BRECKINRIDGE, ATTORNEY-GENERAL FOR COMMONWEALTH.

The indictment charges an unlawful sale of spirituous, vinous or malt liquors by retail to Steenbergin, by the half pint, and the glass, and drink, and appellant complains that it is defective because the allegations are in the alternative, that is, the sale consisted in selling either spirituous, vinous or malt liquors and the quantities sold were three different measurements, that is, by the half pint, and by the glass, and by the drink, therefore appellant did not know whether the sale was

for whisky, wine or beer. The part of the indictment complained of was only descriptive and intended to cover the sale of any kind or quantity of intoxicating liquor.

After the evidence for the Commonwealth was heard, the defendant entered a plea of former conviction. We contend this plea came too late, and the court properly sustained a demurrer to it.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

The indictment charges that the defendant "sold spirituous, vinous, or malt liquors by retail to J. D. Steenbergin, by the one-half pint and the glass and drink." The court overruled a demurrer to the indictment.

When a statute enumerates several acts in the alternative, the doing of any of which is subjected to the same punishment, all of such acts may be charged cumulatively as one offense. It was so held by this court in Jones v. Com., 100 Ky., 468 (20 R., 651) (47 S. W., 328). In that case it was charged that the defendant sold "spirituous, vinous, and malt liquors. The failure to charge the acts cumulatively renders the indictment defective. The copulative "and" instead of the disjunctive "or," should have been used in the indictment. Sections 436, 598, Bish. New Cr. Proc. Section 124, Cr. Code Prac., requires that the indictment "must be direct and certain as to the offense charged." The Commonwealth could have required the defendant to meet the charge that he had sold spirituous, vinous, and malt liquors; but, when it charged that he sold one or the other, it did not apprise him of the offense with which he was charged, in a direct and certain way.

The defendant pleaded former conviction, and in doing so he made a part of his plea the indictment under which he was tried and convicted at the preceding term of the court. The court sustained a demurrer to this plea, evidently upon the idea that it charged him with having sold

Raubold v. Commonwealth.

spirituous, vinous, or malt liquors to J. D. Steenbergin at
3:50 p. m. on the same day that he was charged with
having sold it to him at 11:30 a. m.    It is true, the indict-
ment under which he was convicted avers that the sale
took place at a different hour on the same day.    Still
the court may have permitted the same evidence to go
to the jury on the trial of that case that was offered on
the trial of this case.    Besides, the instruction of the
court in former case may have authorized the jury to con-
vict him for the same act.    It is averred in the plea that
it was the same act.    The court erred in sustain-
ing a demurrer to the plea, because the defendant had
the right to show by testimony on the trial of the indict-
ment the facts which were developed on the trial under
the former indictment.    The first trial would be a bar
to the further prosecution for such offense as was then
proved or attempted to be proved, and whether the same
acts were proved or attempted to be proved on the first
trial is a question of fact.    Chesapeake & O. R. Co. v.
Com., 88 Ky., 368 (10 R., 919) (11 S. W., 87).    The judgment
is reversed, with direction that the court grant the appel-
lant a new trial, and sustain a demurrer to the indictment.