CASE 108—ACTION TO ENFORCE LIENS FOR STREET IMPROVEMENT.— MARCH 5.

# Henning, &c. v. Stengel, &c.
# Fishback, &c. v. Mehler.
# Clark, &c. v. Bitzer.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

STREET ASSESSMENTS—FILING OF SPECIFICATIONS—PRESUMPTION AS TO OFFICIAL DUTY—ATTESTATION OF COPIES—FAILURE TO OBJECT REPEAL OF STATUTE BY CONSTITUTION—EXCESSIVE ASSESSMENT.

Held: 1. Under Kentucky Statutes, section 2829, requiring the board of public works of a city of the first class to file drawings and specifications for any work ordered by them before publication of notice calling for bids, it will be presumed, in the absence of positive proof to the contrary, that the officers did their duty.

2. The objection that copies filed with the petition are not properly attested comes too late when made on appeal for the first time, it being alleged in the petition, and not denied in the answer, that the papers are true copies.

3 Act March 4, 1867, providing that no city or town shall charge the ground fronting any street with the cost of the improvement thereof beyond one-half the value of such ground, was repealed, at least after six years from the adoption of the Constitution, by Const. section 156, providing for the classification

Henning, &c. v. Stengel, &c.

of the cities of the State, and for their government by general laws, as the act was a local or special one, in that it did not apply to the whole State, one county being excepted from its operation.

4. The proof as to the value of the property and the extent it is benefit-ed being conflicting, the chancellor's finding that the assessment does not amount to spoliation will not be disturbed, especially as the property owners desired the improvement, and the trouble complained of arises in a large measure from the effort to construct a cheap street in their supposed interest; the fault being in the specifications, and not in the contractors.

LANE & HARRISON, BARKER & WOODS AND R. W. WOOLLEY, FOR APPELLANTS.

PROPOSITIONS DISCUSSED AND AUTHORITIES CITED.

1. The provisions of section 2829 Kentucky Statutes prescrib-ing certain duties to be performed by the board of public works, prior to advertising for bids, are mandatory and unless strict-ly complied with, the adjacent property owners can not be held liable. Sec. 2829 Kentucky Statutes; Richardson v. Mehler, 23 Ky. Law Rep., 917; sec. 4, Endlish on Interpretation of Stat-utes; Koch v. Bridges, 45 Miss., 258; Dwarris on Statutes, page 228; Sedgwick on Constitutional and Statutory Construction, page 325; Murray v. Tucker, 10 Bush, 240.

2. The ordinance of the city of Louisville exacting a $100 li-cense from all persons engaged in public contracting was ille-gal, and had the effect to restrict competition in bids for this work, and as the proof shows it was rigidly enforced when these contracts were awarded, there can be no liability of the prop-erty owners to pay for the improvement. Figg v. Thompson, 20 Ky. Law Rep., 1322, and Richardson v. Mehler, 23 Ky. Law Rep., 917.

3. All the material allegations of the petitions were specifi-cally controverted and the plaintiffs took no proof, but relied on section 2839 Kentucky Statutes. The copies relied on were not attested as required by said section, and as defendants object-ed to said copies-as incompetent evidence, because not properly attested, and in their answers denied they were such copies, the several petitions should have been dismissed. McAboy v. Gosnell, decided by this court October 30, 1901.

4. Where the assessment for a street improvement exceeds the value of the lot, as in two of the cases at bar, the assessment is not taxation, but spoliation, and as spoliation is not subject to

apportionment, the property owners are liable for no part of the cost of the improvement.

5. The act of the Legislature of Kentucky, entitled "An Act in relation to the improvement of streets in cities and towns in this State" approved "March 4, 1867" which provides no city or town shall have power to assess any lot for a street improvement in excess of one-half its value, is yet in full force and effect, and when assessment exceeds fifty per cent of the value of a lot, it is not legitimate taxation, but is spoliation under the guise of taxation, and is not subject to apportionment, and the lot owners are not liable for any part of the cost thereof. Elliott's Digest "Charter and Ordinances, City of Louisville, 1780 to 1869," page 271; Connor v. Clark, 15 Ky. Law Rep., 126; Pearce v. Mason County, 18 Ky. Law Rep., 266; Broadway Baptist Church v. McAtee, 8 Bush, 516; Loeser v. Redd, 14 Bush, 22; Caldwell v. Rupert, 10 Bush, 183; Gleason v. Barnett, 20 Ky. Law Rep., 696; Jackson Loan Co. v. James, 19 Ky. Law Rep., 447; Preston v. Rudd, 84 Ky., 156; Lou. v. Rolling Mills, 3 Bush, 416, and Worthington v. Covington, 82 Ky., 265.

6. When the territory adjacent to a street improvement is all defined into squares bounded by principal streets, the statute, independent of the ordinance defines the tax limit, and if the ordinance fails to prescribe the same tax district, either the council or court has the power to correct the error. When the territory is not wholly defined into squares, bounded by principal streets, then the ordinance must define the tax limit, and confine it to the land fronting the improvement, and fix the depth on each side. In performing this legislative function, there are certain rules or fundamental principles which must be followed, and if a mistake is made, neither the council nor the court can make the correction, and there is no liability on the part of the adjacent lot owners. To illustrate: If there be parallel streets on each side, not greater than the distance of ordinary squares, then the limit on each side must be one-half the distance to the parallel streets. If a parallel street be on one side, and not on the other, then the limit on each side must be equal to one-half the distance to that parallel street. If no parallel street on either side, then the depth must be the same on each side, and in all such cases where the territory is not wholly defined into squares by principal streets, the ordinance must prescribe side lines projecting from each end of the improvement. In no case, not wholly defined into squares by principal streets has the council or the court the power to make the correction, and there can be no liability of the ad-

jacent lot owners, and in prescribing the tax district, it must be in accordance with existing facts at the passage of the ordinance, and the statute permits no speculation as to what streets may or may not be laid off or extended in the future, and whether an existing street is a principal street at the passage of the ordinance is a question of fact to be determined by the evidence. Sec. 2833 Kentucky Statutes; Read v. Nevin, 10 Ky. Law Rep., 406; Preston v. Roberts, 12 Bush, 586; Baker v. Selvage, 7 Ky. Law Rep., 838.

WILLIAM FURLONG, FOR STENGEL & BICKEL.

One of the chief defences in this case is that of confiscation of property by the assessment. On this point great diversity exists in the evidence. It seems unreasonable to say that a strip of land fronting 300 feet on a constructed street, and near Cherokee park, is worth nothing. The value it now has was given to it by the construction of this street, for before, you could not get to the lot. The chancellor, who tried the case, was familiar with the lot and knew the witnesses, and was able to judge of the credibility and weight of the testimony.

Complaint is made that the work is inferior; but we contend this can not be inquired into because the street has been accepted by the city and in the absence of allegation and proof of fraud in the performance of the work or acceptance of it, the action of the city authorities is final, and there is no intimation whatever of fraud.

On April 29, 1901, the supreme court of the United States decided the case of French v. The Barber Asphalt Paving Company, not yet published. The opinion in that case silences the noted case of Norwood v. Baker on Street Improvements. So the question of benefits and Norwood v. Baker will not be discussed.

### AUTHORITIES CITED.

McHenry v. Selvage, 18 R., 474; Barret v. Falls City Artificial Stone Co., 21 R., 671.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

These three appeals are heard together. They are prosecuted from judgments of the Jefferson circuit court enforcing liens for the improvement of three sections of Transit avenue, in Louisville, Ky. The first objection made relates to the filing of the drawings and specifications of the

work with the board of public works, according to section 2829, Kentucky Statutes: "Whenever said board shall order any work to be done which either by order of said board or according to law, is to be performed by independent contract, said board shall prepare and place on file in the office of said department complete drawings and specifications of said work. Thereupon said board shall cause a notice to be published in one daily or weekly newspaper of general circulation in said city, once in each week for two weeks, informing the public of the general nature of the work, of the fact that the drawings and specifications are on file in said office, and of the nature and extent of the bond or security required, and calling for sealed proposals for said work by a day not earlier than ten days after the first of said publications." It is insisted that the plans and specifications are shown by the proof not to have been filed with the board as required by the statute before the publication of the notice. We have carefully examined the proof, and are of the opinion that it sustains the conclusion of the chancellor on this point. While there is some testimony from which it might be inferred that the papers were not filed until the day of the letting, there is positive testimony of one of the bidders that they were filed and he examined them ten days before the letting. Two other bidders testify to examining them five days before the letting. No bidder testifies to being unable to see them. There was a number of bidders, the work was let unusually low, and there is nothing to show that any of the bidders failed to understand what was proposed. The law presumes the officers did their duty, and if they failed to do it in this case positive proof of it could have been made. The presumption of regularity is not overthrown by the evidence.

It is also insisted that the copies filed with the petition

are not properly attested by the comptroller. Some of them read thus: "A true copy. Attest: W. M. Finley, C. B. C. Attest: John H. Hancock, Comptroller." On some of them thewords "A true copy" is omitted before the signature of Finley. It is insisted that the comptroller does not attest these papers as true copies. We think it is evident that this is the intent of the attestation of Hancock. No objection appears to have been made to the attestation in the trial court, and we do not think the question should be made for the first time in this court. In the petition the papers are alleged to be true copies, and this is not denied in the answer.

It is also insisted that the amount adjudged against some of the property is more than its value, and amounts to spoliation. The act of March 4, 1867, entitled "An act in relation to the improvement of streets in cities and towns of this State," is relied on. The act reads as follows:

"Sec. 1. Be it enacted by the General Assembly of the Commonwealth of Kentucky, that no city or town shall, by virtue of any authority it has to improve its streets at the cost of the owners of ground fronting thereon, have authority to charge the ground or the owner thereof, on a count of such improvements, with more than one-half the value of such ground. This act shall not apply to Barren county.

"Sec. 2. This act shall be in force from its passage. 1 Acts 1867, p. 64.

Section 156 of the Constitution provides for the classification of the cities of the State and for their government by general laws. Pursuant to it the present statutes on this subject were enacted. By section 1 of the schedule all laws inconsistent with such provisions of the constitution as required legislation to enforce them remained in force not

longer than six years after its adoption, on September 28, 1891. The act of 1867 was a local or special act, in the sense that it did not apply to the whole State, and was inconsistent with the provisions of the Constitution looking to the government of all the cities in the State by general laws, according to their classification. It was therefore not in force, at least, after six years from the adoption of the Constitution, when these proceedings were had.

The proof as to the value of the property and the extent it is benefited is conflicting, but the chancellor knew the ground and the local situation, and some weight should be given his finding. We are the more inclined to do this because it is conceded that the property holders wanted the ordinance passed and the improvement made; that things were hurried up for them, and that they still would have paid without objection if the street had been properly metaled, and the city had carried out the plan, and improved a gap between them and one of the thoroughfares of the city. It is clear the contractors are responsible for none of these things. They could not control the council or the board of public works. They did their work according to their contract, and the trouble is in the specifications, not in them. The specifications were changed contrary to the judgment of the city engineer in the interest of the property holders if not at their wish, and the trouble now complained of seems to be due in a large measure to an effort to construct a cheap street. The property lay in the outskirts of the city, it was not available for sale in lots for building purposes without the improvement of the street, and some weight must be given to what seems to have been the common judgment of the property owners as to their interest in the premises.

We see no objection to the manner in which the cost of the improvement was apportioned by the city council against the property owners. The mode of apportionment seems to have followed the statute.

Judgment affirmed.

Response by Judge Hobson overruling petition of appellant for rehearing:

In Preston v. Roberts, 75 Ky., 587 (5 R., 57), this court said: "All municipal assessments are based on the ground that the property subjected to assessment is benefited by the improvement for which the assessment is made, and neither the Legislature of the State nor of the municipality can constitutionally subject property not actually or presumptively benefited by an improvement to assessment to pay the cost of such improvement. It is often difficult and sometimes impossible, to determine the exact limit to which such benefits extend, but from the very nature of the subject there must be authority somewhere to decide that question; and there is perhaps no safer mode of dealing with a question environed by such difficulties than to confide the power to the local government, to be exercised subject to supervision by the courts, where the peculiar facts of each case can be examined, and the controversy determined by those rules and principles which have always governed courts in dealing with questions of assessment and taxation. Nor do we concur with counsel that the power delegated to the council to designate the depth to which an assessment shall extend, because legislative, is therefore beyond the control of the courts. No one will question the power of the Legislature of the State to declare what shall be taxed and the rate of taxation; yet no one will at this day

deny that the courts have the power to examine stat-
utes imposing exactions upon citizens under the name of
taxation, and decide whether such exactions are in fact tax-
es, or mere spoliations under the guise of taxation. This
doctrine has been held by this court in an unbroken line of
cases, commencing as early as Sutton's Heirs v. City of
Louisville, 5 Dana, 28, decided in 1837, down to the case of
Courtney v. Same, 12 Bush, 419, decided at the last term.
If, then, the courts can and do examine into exactions levied
upon the citizen or upon his property by the Legislature,
and declare such exactions illegal and void, *a fortiori* they
may make similar inquiries and decisions when assessments
are made by a municipal government. Injustice and oppres-
sion are quite as likely to result from the arbitrary designa-
tion of tax districts by the Legislature of the State as from
the making of such districts by municipal governments, and
the difficulty of obtaining relief in, the former case is neces-
sarily much greater than in the latter." See, to same effect;
Preston v. Rudd, 84 Ky., 150 (7 R., 806); Nevin v. Roach,
86 Ky., 493 (9 R., 819) 5 S. W., 546; James v. City of Louis-
ville, 19 R., 447 (40 S. W., 912); Barfield v. Gleason, 111 Ky.,
491 (23 R , 128), (47 S. W., 964). The case of Bullitt v. Sel-
vage, (20 R., 509) (47 S. W., 255), is not inconsistent with
these cases or the rule they lay down. In that case as here,
the proof was conflicting, and this court declined to disturb
the chancellor's finding on the facts. The opinion delivered
in the case recognizes the rule announced in the cases re-
ferred to, and on a reconsideration of the case, for the rea-
sons given in the opinion, we think the rule inapplicable
here.

Petition overruled.