CASE 37—INDICTMENT AGAINST L. & N. R. R. Co. FOR MAINTAINING A NUISANCE.—JAN. 19.

# Louisville & Nashville Railroad Company v. Commonwealth.

APPEAL FROM HOPKINS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

NUISANCE—OBSTRUCTING HIGHWAY—INDICTMENT—SUFFICIENCY—SEPARATE OFFENSE—ORDINANCES—VALIDITY—JURISDICTION.

Held: 1. An indictment for obstructing a public street which fails to identify the street further than as a public highway in a certain town crossing defendant's railroad track near the depot, is fatally defective, because failing to identify the street with sufficient certainty.

2. In a prosecution under an indictment for obstructing a highway, it is error to admit evidence of different obstructions on various streets within a year prior to the finding of the indictment, as each obstruction constituted a separate offense.

3. Under Kentucky Statutes (1903), section 768, making it unlawful for a railroad company to obstruct any public highway for more than five minutes at one time, a city ordinance imposing a fine for a locomotive or train remaining across a street for a longer period than ten minutes, is void in so far as it conflicts with the statute.

4. The circuit court has jurisdiction of the common law offense of obstructing a highway.

C. J. WADDELL AND BENJAMIN D. WARFIELD, FOR APPELLANT.

1. The indictment was sufficient, and the demurrer thereto should have been sustained, for the reason that the acts constituting the offense were not stated in such manner as to enable a person of common understanding to know what was intended; because the averments are not direct and certain as regards the offense charged; because the indictment seeks to recover for offenses committed on other days than May 16, 1903, and because no one offense is charged with reasonable certainty even as to that day.

2. The Commonwealth should have been restricted to proof of the particular offense, on the particular day, which was the basis of the indictment, and should not have been permitted to introduce proof as to offenses on other days or occasions, particularly as to occasions subsequent to the finding of the indictment.

3. The court erred in holding the ordinances of Earlington incompetent. The ordinance proven, which makes it lawful for appellant to block street crossing of the city for not longer than ten minutes, supersedes the common law and controls this prosecution.

4. The Hopkins circuit court did not have jurisdiction of the offense, such jurisdiction being vested exclusively in the Earlington police court.

5. The verdict is not sustained by sufficient evidence.

6. The verdict is so excessive as to amount to spoliation.

The fine imposed is grossly excessive, even if there were no ordinance on the subject and if the company were punishable on common law principles in the discretion of the jury. At common law exemplary damages were only given if, after one verdict against him, the defendant had the hardiness to continue

offending. (Blackstone, Bk., 3 Ch., 14.) And there is no proof in this case that appellant has ever been convicted before of blocking a crossing at Earlington.

## AUTHORITIES CITED.

Criminal Code, secs. 122, 124; Blackstone, Bk. 4, ch. 23; U. S. v. Mills, 7 Pet., 138; Com. v. Dudley, 3 Met., 222; Com. v. White, 18 B. Mon., 492; Com. v. Hadcraft, 6 Bush, 91; Blackstone, Bk. 3, chs. 1, 12, 14; Kentucky Statutes, secs. 768, 2740, 3651; I. C. R. R. Co. v. Com., 104 Ky., 362; C. & O. R. R. Co. v. Com., 88 Ky., 368; City of Owensboro v. Simms, 99 Ky., 49.

JOHN L. GRAYOT, COMMONWEALTH ATTORNEY FOR FOURTH JUDICIAL DISTRICT, AND N. B. HAYS, ATTORNEY GENERAL, FOR COMMONWEALTH.

1. Our contention is, that the ordinance of the city of Earlington permitting trains to block the streets of said city for ten minutes and fixing the fine therefor at five dollars for each offense, is unconstitutional in that it fixes a less penalty than that fixed by the statute for the same offense. Kentucky Statutes, ch. 32, art. 5, subdiv. 1, sec. 768, subsec. 5, Constitution, sec. 168; I. C. R. R. Co. v. Com., 104 Ky., 362; Respass v. Com., 107 Ky., 137; City Owensboro v. Simms, 17 R., 1393 (34 S. W., 1085); Kemper v. Com., 85 Ky., 219 (17 Am. St. Rep., 593, 3 S. W., 159; Cooley Con. Lim, 5th ed., p. 241; Mayor, &c. v. Allaire, 14 Ala., 402; Shafer and Wife v. Mumma, 17 Md., 336 (79 A. Dec., 656); Com. v. Hunter, 19 R., 1109 (41 S. W., 284); Cin. Ry. Co. v. Com., 80 Ky., 137.

2. The fine is not excessive. The evidence shows that this was a most reckless disregard of the law; school children by reason of the crossing being blocked, having to stand exposed to the weather, sometimes for twenty minutes, and wagons and the public generally blocked for half a square back.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellant was indicted for a common nuisance. The indictment charges that it was committed as follows: "The said Louisville & Nashville Railroad Company, in the said county of Hopkins, on the 16th day of May, 1903, and on many other days before the finding of this indictment, did

create, suffer, and maintain a common nuisance in the city of Earlington, Hopkins county, Kentucky, by placing and running railroad cars, flats, box cars, and steam engines, and making up trains and switching cars and changing cars, unnecessarily and for unreasonable lengths of time, in, on, and across a public street and highway of said city of Earlington, where the track and side track of said railroad company crosses said street or highway near said railroad company's depot in said city, thereby obstructing said public street and highway for unreasonable lengths of time, and causing the people who pass over and drive teams over said public street and highway great inconvenience and trouble and delays, and making and causing said street and highway at said crossing to be dangerous and unsafe to all people traveling along same, and to the common nuisance of all the people of the Commonwealth."

The court overruled the demurrer to the indictment. He also allowed proof to be given of various obstructions to the highway by different trains on different days within a year before the indictment was found, refusing to limit the Commonwealth to one day or one obstruction. He also refused to allow the defendant to read to the jury the ordinance of the town imposing a fine if a locomotive or train remained across a street of the town for a longer period than ten minutes, and instructed the jury, substantially in the language of the indictment, that if they believed from the evidence, beyond a reasonable doubt, the defendant had obstructed the street within twelve months, they should find it guilty. The jury found the defendant guilty, and fixed the fine at $585.

The ground of the demurrer to the indictment is that it does not identify the highway charged to have been obstruct-

ed.    The only allegation is that it was a public street or highway in Earlington, which crossed the railroad track near the company's depot.    In Wood on Nuisances, section 857, it is said:    "So, too, in an indictment for an obstruction of a public street or highway, the street or highway should be definitely described, as well as the nature and extent of the obstruction."    Unless the highway is identified, the judgment on the indictment could not be relied on as a bar to another prosecution, nor would the indictment inform the defendant of the nature of the accusation against him    Presumably there are other streets of the town crossing the railroad track near the depot.    The proof heard on the trial shows there is another crossing 200 yards from this one.    We therefore conclude that the indictment lacked certainty, and the demurrer to it should have been sustained.

In Cincinnati Railroad Company v. Commonwealth, 80 Ky., 137, which was, like this, an indictment for obstructing a public road, it was held that it was not necessary that the road should be obstructed repeatedly or continuously, but that each obstruction of it was a separate offense.    In Chesapeake & Ohio Railroad v. Commonwealth, 88 Ky., 368, 10 R., 919, 11 S. W., 87, two indictments were found against the defendant on the same day, charging it with obstructing a certain road with its cars.    Each charged that the offense was committed at the same time, substantially in the same language.    The defendant was acquitted under one of the indictments, and, being placed on trial under the other, pleaded the judgment in the former case in bar.    It was held that the judgment under the first indictment was not a bar to the proceeding under the second, unless the same obstruction which was relied on in the second case was proved or attempted to be proved in the first case.    The court said: "It is true, the indictments were found upon the same day.

They were for the same character of offense.    They covered the same period of time, because the statutory limitation under our law to such a prosecution is one year; but the time named in them as being that when the offense was committed was not material, and each obstruction was a distinct offense.    The state was not confined to any particular time, but had the right to show that the appellant had so offended at any time within a year previous to the finding of the indictment.    This being so, a conviction or an acquittal would not, *ipso facto* bar another indictment found at the same time, and charging the same character of offense. Whether the same act was proven or attempted to be proven upon the trial of the other one would be a question of fact, and the first trial would only be a bar to a further prosecution for such offenses as were then proven or attempted to be proven.    This would, of course, have to be shown by extrinsic evidence."    88 Ky., 370, 10 R., 919, 11 S. W., 87.

Further on in the same opinion the court also said:    "In this character of case the State could, upon the trial of one indictment, select one particular act or offense and proceed for it; and under the other indictment, although found at the same time, it could prove a different one."

Any obstruction of a highway is a common law nuisance, and none is the less a nuisance if confined to one day.    Thus it has been held an indictable nuisance for one traveler on a highway unreasonably to obstruct the passage of another by constantly interposing his team as an obstacle.    Wood on Nuisances, section 292.    So it is a nuisance to feed hogs near a highway, or to keep a ferocious dog near by, to the interruption of travel.    Wood on Nuisances, section 292. Where each of several acts which terminates in itself is itself a nuisance, each is a separate offense.    See cases above cited.    When a train of the defendant unreasonably ob-

structed the highway on one day, this was a complete offense, and the fact that another train at another time unreasonably obstructed it added nothing to the offense.    The Commonwealth, therefore, could not prove all unreasonable obstructions by different trains within a year, and inflict under one indictment punishment for them all, for there was no continuity of the obstruction.    The court should have required the Commonwealth to elect which offense it would prosecute for.    This subject was fully considered in Smith v. Commonwealth, 109 Ky., 685, 22 R., 1349, 60 S. W., 531, and to the rule announced in that case we adhere.

Section 768, Ky. St., 1903, makes it unlawful for a railroad company to obstruct any public highway or street by cars or trains for more than five minutes at one time.    This provision is not restricted to the construction of the road, but applies to obstruction by cars or trains.    The town is only authorized to make ordinances consistent with the statutes of the State.    Its ordinance, so far as it conflicts with the statute, is void.    The circuit court had jurisdiction of the common law offense of obstructing a highway.    The case of I. C. R. Co. v. Commonwealth, 104 Ky., 362, 20 R., 748, 990; 47 S. W., 255, only involved the question of variance. We have been referred to no statute, and can find none, relating to fifth-class cities, affecting the common-law jurisdiction of the circuit courts to punish for nuisances.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

Response by Judge Barker to a petition for a rehearing:

Although the statute provides no penalty for its violation, it forbids the obstruction of the street for more than five minutes by trains or cars.    The city council could not, by ordinance, legalize what the statute forbids, and the

ordinance was therefore incompetent as evidence on behalf of the defendant.

The only question to be determined is, did the defendant obstruct the highway with its train or cars for an unreasonable time?   It is a common-law proceeding, and is to be tried on common-law principles, without regard to the statute or the ordinance referred to (Illinois Central R. R. Co. v. Commonwealth, 20 R., 115, 45 S. W., 367), except that no obstruction for less than five minutes is unlawful.

Petition overruled.