CASE 99—PROSECUTION AGAINST ILLINOIS CENTRAL RAILWAY CO., FOR OBSTRUCTING A STREET.—OCTOBER 13.

# Commonwealth v. Illinois Central Ry. Co.

APPEAL FROM CARLISLE CIRCUIT COURT—R. J. BUGG, CIRCUIT JUDGE.

DEMURRER TO INDICTMENT SUSTAINED AND COMMONWEALTH APPEALS. REVERSED.

HIGHWAYS—OBSTRUCTION—OFFENSES—CRIMINAL    LAW—ELECTION—INDICTMENT—IMMATERIAL AVERMENTS—CERTAINTY.

1. Since every obstruction of a highway is a separate offense, the Commonwealth must either at the beginning of the trial or at the close of its testimony, elect to prosecute for the obstruction on one particular occasion, and can not prove a number of obstructions on different days, and submit them all to the jury, though the charge in the indictment is general.

2. In a prosecution against a railroad company for obstructing a highway, an averment in the indictment that the offense was committed on February 20, 1904, and on divers other days, was immaterial, since the Commonwealth could not be confined to such particular date.

Commonwealth v. Illinois Central Railway Co.

3. Where an indictment against a railroad company for obstructing a highway charged that the offense was committed at a certain point on J. street within the corporate limits of the town of B., and that it was committed by the placing of freight cars across such street, it was not demurrable for uncertainty.

N. B. HAYS, ATTORNEY GENERAL W. H. HESTER, COMMONWEALTH ATTORNEY AND LORAINE MIX, FOR APPELLANT.

1. The indictment is drawn in the usual form, and charges that the offense was committed on the 20th of February, 1904, and before the finding of the indictment (which was found on said day), and described the street with particularity, and alleged it was obstructed on that day, and divers other days within twelve months last past.

2. We submit that the Commonwealth is not required to allege the exact day and hour and to name the exact train and the direction it was going in order to make the indictment good.

3. Time not being a material ingredient of the offense, an allegation that the offense was committed in the county and within twelve months before the finding of the indictment is all that is necessary to be charged.

## CITATIONS.

Criminal Code, secs. 122, 124, 129; Williams v. Commonwealth, 18 R., 668; C. & O. Ry. Co. v. Commonwealth, 88 Ky., 370; L. & N, R. R. Co. v. Com. 25 R., 1453; Trustees, C. S. Ry. Co. v. Com., 3 R., 642

PIRTLE & TRABUE, ROBBINS & THOMAS & BRIDGEWATER, FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. An indictment which fails to give a fixed date of the commission of the alleged offense is bad for uncertainty. Shackelford v. Commonwealth, 25 Ky. Law Rep., 1830, 78 S. W., 908; Commonwealth v. Perrigo, 3 Met., 4; L. & N. v. Commonwealth, 25 Ky. Law Rep., 1452.

2. A railroad company can not be compelled to guess at which train the Commonwealth will try to prove obstructed the highway where there are a number of trains passing the point daily. Abe Bogard v. I. C. R. R. Co., 25 Ky. Law Rep., 624, 76 S. W., 170; Crim. Code, secs. 122, 124, 24 R., 624, 1830; 81 Ky., 525, 94 Ky., 612.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

The circuit court sustained a demurrer to the following indictment, and dismissed the prosecution: "The grand jurors of the county of Carlisle, in the name and by the authority of the Commonwealth of Kentucky, accuse the Illinois Central Railroad Company of the offense of committing and creating and maintaining a common and public nuisance, committed in manner and form as follows, to-wit: The said Illinois Central Railroad Company, in the said county of Carlisle, on the 20th day of February, 1904, and before the finding of this indictment, is, and was for many years, a corporation duly incorporated by the laws of the State of Illinois, and that on said day and on divers other days and times and for many years continuously and habitually did operate, maintain, and run a railroad in and through the corporate limits of the town of Bardwell, in the county aforesaid; that at the time of committing the nuisance hereinafter mentioned there was and yet is a certain public street, same being a common highway in said town aforesaid, called Jennings street, and which is the first public street and common highway in said town of Bardwell which crosses the said Illinois Central Railroad Company's railroad tracks upon the north side of the passenger depot of said company in said town; that said street is a common highway used for all the good people of said State, with their horses, buggies, wagons, and carriages, to go, return, pass, repass, ride and labor at their free will and pleasure; and that said railroad company, on said day and times aforesaid, and within twelve months last past, unlawfully and injuriously did put and place its freight cars in and across said street aforesaid, and did then and on the other said days and times there, unlawfully and injuriously permit and suffer the said freight cars to be and to remain in and upon the said public streets and

common highway aforesaid at said crossing of said railroad tracks aforesaid for an unnecessary and unreasonable length of time, to-wit, for the space of a half an hour on each of the days aforesaid, whereby the public street and common highway aforesaid for and during the whole time aforesaid was wholly obstructed, so that the citizens of this Commonwealth were prevented from passing and repassing and using said street and common highway aforesaid, as they have a right and have the wont to do; to the great injury and common nuisance of all the citizens of the Commonwealth having occasion to pass, repass and use the way aforesaid, against the peace and dignity of the Commonwealth of Kentucky." The ground upon which the demurrer was sustained was that the indictment does not identify the offense charged sufficiently.

It has been held by this court in several cases that every obstruction of a highway is a separate offense, and that, although the charge in the indictment is general, the Commonwealth must on the trial be required to elect to prosecute for the obstruction on a certain occasion, and that it can not prove a number of obstructions on different days, and submit them all to the jury. L. & N. R. R. Co. v. Commonwealth, 117 Ky., 345, 350, 78 S. W., 124, 25 Ky. Law Rep., 1452, and cases cited. The statement in the indictment that the offense was committed on the 20th day of February, 1904, is immaterial under the Code, and the Commonwealth should not, on the trial, be confined to that day. The statement that the offense was committed on divers other days is also immaterial. The indictment is certain that the offense was committed on Jennings street at a certain point, and that it was committed by the placing of freight cars across this street. We do not see that greater certainty should be required. Certainty to a common intent only is necessary,

and, so far as we know, indictments similar to this have been commonly sustained. Thus, in charging a man with carrying concealed deadly weapons, it is common to do no more, than to name the weapon—as, for example, to say that it was a pistol—without specifying the place or circumstances under which it was carried. So an indictment for incest was recently held good by this court although it did not identify the particular act of carnal knowledge which would be relied upon, and in fact the Commonwealth undertook to show several distinct acts. See Smith v. Commonwealth, 109 Ky., 685, 22 R., 1349, 60 S. W., 531. In that case it was held that the Commonwealth should be required to elect which act it would prosecute the defendant for. The authorities are conflicting as to the time at which this election should be made, and in such matters the trial judge has a discretion. The rule seems to be that the election should be required before the defendant opens his defense, and there is no reason why it should not be made earlier if it is shown that the ends of justice so require in the particular case. It is not presumed that the defendant's conduct has been such as to lay him open to a number of charges, or that he will be unable to prepare his defense where the charge is stated in general terms, as in the indictment before us. If the defendant is surprised on the trial, or if before the trial opens he is unable to know what he is to meet, and the ends of justice so require, the court, in the exercise of his discretion, can require the election to be made in advance, so that no injustice may be done, and a fair trial had on the merits of the case. The case of Shackelford v. Commonwealth, 79 S. W., 192, 25 Ky. Law Rep., 1830, is not in point. That was an indictment for false swearing. The rule in that case rests on the rule that in such indictments it must not only be alleged that the defendant's testimony was false, but the actual

truth must be averred, so as to inform him what the Commonwealth relies on.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the indictment.