BOSSIO et al. v. UNITED STATES.[*]

(Circuit Court of Appeals, Ninth Circuit. November 29, 1926.)

No. 4953.

1. Criminal law ⟷195(1)—To support plea of former jeopardy prosecutions must be for same offense.

To support plea of former jeopardy, both prosecutions must be for same offense in law and fact.

2. Criminal law ⟷198—Acquittal held no bar to prosecution for other similar offenses occurring within three years before filing of information in first case (National Prohibition Act [Comp. St. § 10138¼ et seq.]).

Acquittal of offense under National Prohibition Act (Comp. St. § 10138¼ et seq.) did not bar prosecution for other offenses of same nature occurring within three years before filing of information in first prosecution, where government in first case neither proved nor attempted to prove commission of offenses for which conviction was subsequently had.

3. Criminal law ⟷200(4)—Acquittal of maintaining common liquor nuisance is not acquittal of unlawful possession or sale (National Prohibition Act [Comp. St. § 10138¼ et seq.]).

Acquittal of charge of maintaining common nuisance within National Prohibition Act (Comp. St. § 10138¼ et seq.) is not acquittal of charge of unlawful possession or sale of liquor, possession or sale being separate offenses from maintaining common nuisance.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Charles Bossio and another were convicted of violating National Prohibition Act, and they bring error. Affirmed.

[*]Rehearing denied January 31, 1927.

M. E. Mack, of Spokane, Wash., for plaintiffs in error.

Roy C. Fox, U. S. Atty., and E. J. Farley, Asst. U. S. Atty., both of Spokane, Wash.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the National Prohibition Act (Comp. St. § 10138¼ et seq.). December 17, 1925, an information containing four counts was filed in the court below against the plaintiffs in error. The first count of the information charged the unlawful possession of intoxicating liquor on or about October 30, 1925; the second count charged the unlawful sale of intoxicating liquor on or about October 30, 1925; the third count charged the unlawful possession of intoxicating liquor on or about October 31, 1925; and the fourth count charged the maintenance of a common nuisance on or about October 31, 1925.

January 8, 1926, an indictment containing ten counts was returned in the same court against the same parties. The first count of the indictment charged the unlawful sale of intoxicating liquor on or about November 20, 1925; the second count charged the unlawful sale of intoxicating liquor on or about November 21, 1925; the third count charged the unlawful sale of intoxicating liquor on or about November 21, 1925; the fourth count charged the unlawful sale of intoxicating liquor on or about November 27, 1925; the fifth count charged the unlawful possession of intoxicating liquor on or about November 27, 1925; the sixth count charged the unlawful sale of intoxicating liquor on or about November 29, 1925; the seventh count charged the unlawful possession of intoxicating liquor on or about November 29, 1925; the eighth count charged the unlawful sale of intoxicating liquor on or about December 2, 1925; the ninth count charged the unlawful sale of intoxicating liquor on or about December 15, 1925; and the tenth count charged the maintenance of a common nuisance on or about December 15, 1925, and a prior conviction for unlawful possession of intoxicating liquor and for maintaining a common nuisance.

January 11, 1926, after the filing of the information and the return of the indictment, the plaintiffs in error were placed on trial under and by virtue of the information. Upon the trial of the information, the jury returned a verdict of not guilty as to all four counts. Thereafter, and before the trial under the indictment, the plaintiffs in error interposed a plea of former jeopardy. This plea was sustained as to the nuisance count, but overruled as to the others, and upon the trial under the indictment the plaintiffs in error were convicted on certain counts and acquitted on others. The sufficiency of the plea of former jeopardy is the only question presented for our consideration on the present writ of error.

[1, 2] Briefly stated, the plaintiffs in error contend that under the information they could have been convicted of the crime of unlawfully possessing intoxicating liquor, and of the crime of unlawfully selling intoxicating liquor, committed at any time within three years prior to the filing of the information, and therefore they were once in jeopardy for all such crimes, notwithstanding there could have been but one conviction at most under each count of the information, and notwithstanding that plaintiffs in error were not in fact tried under the information for any of the offenses of which they were later convicted under the indictment. A mere statement of this broad proposition carries with it its own condemnation.

To support a plea of former jeopardy, both prosecutions must be for the same offense in law and in fact. "If this were not so, no one could be indicted and tried for carrying concealed weapons more than once in two years, though he should violate the law in that respect every day of that period; or, if acquitted on one single charge of retailing without license, the defendant would be law-proof for the period of two years prior to finding that bill as to all other charges of that nature. The same would be true as to other offenses." State v. White, 146 N. C. 608, 60 S. E. 505. In that case the first indictment charged the crime of carrying concealed weapons on December 24, 1907; the second, the carrying of concealed weapons on January 5, 1908; and it was held that an acquittal on the first indictment was no bar to a prosecution on the second.

In Chesapeake & O. R. Co. v. Commonwealth, 88 Ky. 368, 11 S. W. 87, two indictments were returned at the same term against a railway company, charging the maintenance of a common nuisance by obstructing a turnpike road with its cars on the same date. An acquittal on one of the indictments was pleaded in bar of a prosecution on the other, and, in answer to the contention here made, the court said:

"If A. be tried for the murder of B., and acquitted, because of a failure to prove some

material fact, as the death of B., then it does apply, and a second trial cannot be had upon the ground that the commonwealth has now secured the testimony. In such a case there is but one offense. It is unlike this one. In this character of case the state could upon the trial of one indictment select one particular act or offense, and proceed for it; and under the other indictment, although found at the same time, it could prove a different one. It does not follow, therefore, that an acquittal under one indictment is necessarily an acquittal, not of one only, but of every act within the year the proof of which would have sustained the first indictment. If this were the rule, then, although the accused might have committed the offense a hundred times within the year, yet an acquittal upon an indictment, under which it could only be convicted for a single commission, would be a complete protection as to all, although in point of fact but the one unlawful act had been investigated. The statement of a proposition leading to such a result is its own refutation."

A qualification to this general rule was later well expressed in the same opinion where the court added:

"In a case like this one it [the commonwealth] cannot, upon the trial of the second indictment, prove any act which it even attempted to prove upon the other trial. If the attempt embraced the entire year in a sort of drag net way, then it may properly be said that the accused has been tried for all the offenses attempted to be proven. He has in such a case been in jeopardy as to all the unlawful acts of the year of the character of that named in the indictment, and it does not matter that the state may have then failed to show his guilt. If it could upon the trial of one indictment inquire as to whether at this time or that, or whether during a certain time, the accused had not committed an offense, and then, because it failed to elicit his guilt, retry him upon another indictment, and go over the same ground, he would be subject to continuous trials. Such a rule would be unjust to the citizen, and violative of not only the letter, but the spirit of the law. Whether the accused has been once in jeopardy, whether the state has upon the trial of another indictment proved or tried to prove the same offense, is, however, in a case like this one, where there is testimony tending to so show, a question of fact, to be submitted to a jury under proper instructions."

In this case it was conceded that the government neither proved nor attempted to prove, under the information, the commission of either of the crimes of which the plaintiffs in error stand convicted under the indictment.

[3] It is lastly contended that an acquittal of the charge of maintaining a common nuisance was also an acquittal of the included crimes of unlawfully possessing intoxicating liquor and unlawfully selling intoxicating liquor. But possession and sale are not included crimes. It has been so often determined by this and other courts that the possession or sale of intoxicating liquor, and the maintaining of a common nuisance, are separate and distinct crimes, and that a party may be convicted of possession or sale though acquitted of the nuisance charge, that the question is no longer an open one. The mere possession of intoxicating liquor or the mere sale of intoxicating liquor does not of itself constitute a common nuisance. There are elements in the latter crime not found in the former, and therefore an acquittal of the charge of maintaining a common nuisance is not an acquittal of the charge of unlawful possession or unlawful sale. Lee Choy v. United States (C. C. A.) 293 F. 582.

The judgment is affirmed.