## Louisville & Nashville Railroad Company v. Commonwealth.

(Decided November 19. 1929.)

ASHBY M. WARREN, C. C. WILLIAMS and J. W. BROWN for appellant.

J. W. CAMMACK, Attorney General, and GEORGE HUNT MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

In the year 1927 the appellant doubled tracked its road through Rockcastle county, necessitating the erection of a new bridge across Roundstone creek near Orlando. On September 13, 1928, an indictment was returned in the Rockcastle circuit court against appellant charging it with obstructing the natural flow of the water in Roundstone creek, causing a ford of the creek, about 500 feet above the bridge, to become so deep as to interfere with the public travel across it. Upon the trial of the case the defendant was fined $1,500. It appeals.

The first question made on the appeal is that the court erred in overruling the appellant's demurrer to the indictment. The charge in the indictment is in substance that for one year before the finding of the indictment the defendant unreasonably, continuously, and for a long and unnecessary period of time, suffered and permitted large, unreasonable, and unnecessary obstructions to be placed in Roundstone creek where its right of way crosses the creek and near the public highway, leading from Orlando to Mt. Vernon, Ky., which obstruction so placed in the stream by the defendant unreasonably and continuously rendered the stream past fording, and interfered with all of the traveling public, who for many years had been in the habit of fording the stream at that point, and by reason thereof the health and comfort of all persons who were in the habit of crossing the stream at this ford have been greatly and unreasonably endangered, and the stream also obstructed to such an extent and for such a length of time as to become a common nuisance to all of the citizens of the state attempting to ford it.

The indictment does not charge that the defendant was a corporation. But it is well settled that this court will take judicial notice that appellant is a corporation, as it is incorporated by a special act of the Legislature, and this court takes judicial knowledge of all acts of the

Legislature. Louisville & N. Railroad Co. v. Com., 154 Ky. 293, 157 S. W. 369. The indictment does not show that there are two fords on Roundstone creek, and therefore this objection cannot be made by demurrer. The fact is, though, that the other ford is so far above the bridge around a turn of the creek as it winds its way through the mountains that any one would understand that the ford next to the bridge was the one complained of.

The charge in the indictment that a ford in the road named was obstructed at a certain place is sufficiently definite. In Louisville & N. Railroad Co. v. Commonwealth, 117 Ky. 350, 78 S. W. 124, 79 S. W. 275, 25 Ky. Law Rep. 1452, 2050, the highway was not identified in any way. Here the highway is sufficiently identified, and the statement that it is a public highway leading from Orlando to Mt. Vernon, Ky., is a sufficient allegation that it is a public road. It is not material whether the defendant caused water to accumulate at the ford or mud to settle in the ford; either is sufficient to obstruct travel, and would be a nuisance if continued unreasonably.

The court did not err in admitting the evidence for the plaintiff showing mud and other things in the ford. The condition of the ford before the bridge was constructed and after it was constructed may properly be shown. The facts were for the jury, and it was a question for the jury on all the facts whether the defendant had unreasonably obstructed the ford. A witness was properly allowed to state how wet a wagon and two boys were, though he saw them just after they crossed the ford, for this gave a concrete showing how deep the water was.

Instruction 1, given by the court, practically followed the language of the indictment, and was not erroneous. It gave the whole law of the case, for under it the defendant could not be held liable, unless it had unreasonably obstructed and interfered with travel across the ford for an unreasonable time, and what was an unreasonable time was a question for the jury under all the facts. Appellant had the right to build its bridge across Roundstone creek, but it had no right in doing so to keep the stream obstructed for an unreasonable length of time.

While the evidence is clear that the ford is much deeper now than it was before the bridge was built, there was much evidence on the trial showing that this condi-

558

tion of the ford, in part at least, was due to other causes, and not to the obstruction of the stream at the bridge, and on the whole case the court concludes that a fine of $1,500 is excessive, and that on this ground a new trial should be had. This is a common-law offense. The amount of the fine rests in the discretion of the jury, subject to the approval of the court. Excessive fines are forbidden by section 17 of the Constitution, and this court must grant a new trial where the fine is excessive. Section 4338, Ky. Stats., does not supersede the common-law as to cases like this. Section 4342a3 has no application here. The common-law offense charged here is not covered by any provision of the Kentucky Statutes.

On another trial the court will allow the witnesses each to state the facts, but not to state his conclusions from the facts; that is, no one should be allowed to state that this thing or that thing caused the ford to fill up or become deeper, unless he shows that he is an expert on that subject, and qualified to speak as an expert. The jury can judge as to the cause of the ford filling up just as well as the witnesses. The facts may be stated by the witnesses, but the jury should be left to determine the proper conclusion to be drawn from the facts. The witnesses may tell what the conditions were before and after the bridge was built, and what obstructions were in the stream, and how long they remained there, and they may testify that these were the only changes or the only obstructions in the creek.

Judgment reversed, and cause remanded for a new trial