CASE 93—INDICTMENT—SEPTEMBER 25

# Louisville & Nashville R. R. Co.

# v. Commonwealth.

1. RAILROADS—SEPARATE COACHES.—Where a train is chartered from a railroad company to be run as a special train by those who chartered it, and the company furnished them the cars for both white and colored persons, as required by section 795 of the Kentucky Statutes, the company was guilty of no offense because the manager of the train required colored persons to occupy a car thereon which did not have the same conveniences and accommodations as the other cars of the train occupied by white persons.

If any offense was committed, it was the failure of the conductor or manager of the train to assign the parties to the proper coaches as required by section 799.

W. C. McCHORD FOR APPELLANT.

1. It is admitted that the appellant furnished the separate coaches with equal accommodations and conveniences, as required by the statute; and that being true, if the conductor or manager of the train failed to assign persons to their proper cars, as is required of them by the statute, they and not the company have been guilty of an offense.

JOHN McCHORD AND H. W. BRUCE OF COUNSEL ON SAME SIDE.

W. S. TAYLOR FOR APPELLEE.

1. The train was being operated by appellant's employes, although it was a special train; and the mere fact that it was chartered as a

special train does not relieve appellant from complying with the law.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

By section 795, Kentucky Statutes, any company, person or corporation operating railroad cars or coaches by steam or otherwise on any railroad line or track within the State are required to furnish separate coaches or cars for the travel or transportation of the white and colored passengers on their respective lines of railroad. Each compartment of a coach divided by a good and substantial wooden partition, with a door therein, is deemed a separate coach within the meaning of the statute, but each separate coach or compartment must bear in some conspicuous place appropriate words in plain letters indicating the race for which it is set apart.

Section 796 declares that the person or company operating the road shall make no difference or discrimination in the quality or convenience or accommodations in the cars or coaches or partitions set apart for the white and colored passengers.

Section 797 provides that any company that shall fail or refuse to comply with the provisions of sections 795 and 796 shall be deemed guilty of a misdemeanor, and upon conviction thereof be fined not less than $500 nor more than $1,000 for each offense.

The indictment charges that the railroad company did "unlawfully and wilfully, by its agents, employes or those in charge of its train of cars, fail or refuse to furnish a separate coach for white and colored passengers of the same quality, convenience and accommodations in its cars or coaches or partition set apart for white and colored passengers."

On the trial the company was found guilty and fined $500. The train in question was a special, not running on the time of any regular train on the road. It was chartered by South & Hargis to run from Greensburg to Campbellsville. They sold the tickets and collected the fares and directed where the train was to stop, but the train was operated with the company's crew, including the conductor.

At a station some five miles from Campbellsville the train was stopped to receive passengers. Among those who boarded the train were two negroes, Thomas White and his wife, Lula. Smith collected their fare to Campbellsville. White and his wife got in the car which was used by the company for colored passengers on the road, and upon which he had been in the habit of riding. Smith ordered White and his wife to take a car which was attached to the train which appears to have been a mail and tool car, and which does not appear to have had the same conveniences and accommodations of the other cars. At the time in question the compartment in the coach set apart for colored passengers was partly used by white passengers.

It is not contended that the compartment in the coach used for colored passengers was not of the same quality and did not have the same conveniences and accommodations as those used for carrying white passengers. The offense, if one was committed, consisted in those in charge of the train removing the colored passengers from the compartment in the coach provided by the company for them to the so-called "tool car."

White proves that he was in the compartment for colored passengers when ordered into the tool car. Under the statute a penalty is denounced against persons, companies and corporations operating lines of railroads for the failure

to furnish separate cars or coaches or compartments therein without discrimination in quality, conveniences and accommodations for the travel or transportation of white and colored passengers.

Where the company has furnished the kind of cars or coaches which the law requires, section 799, Kentucky Statutes, imposes the duty on the conductor or manager of the railroad to assign the white and colored passengers to their respective coaches or compartments therein.

Section 800 provides a penalty to be imposed on the conductor or manager for his failure to discharge the duty required of him. This is not a proceeding to recover damages of the company for a wrongful act of its agent or employe. It is a penal prosecution to impose a fine against the company for the alleged violation of a statute. The company can not be fined for an act of those whom it puts in charge of a train because they may have violated a penal statute. The failure to furnish the coaches for the transportation of white and colored passengers of the kind required by the statute is an offense of the company. A failure to assign the white and colored passengers to their respective coaches or compartments is an offense of such conductor or those in charge of the train.

For the offense of the company the conductor can not be convicted and fined. Neither can the company be convicted and fined for the offense of the conductor or those in charge of the trains, as is the result of this prosecution. The court should have told the jury to find for the defendant.

The case is reversed for proceedings in conformity with this opinion.