CASE 36—PROSECUTION AGAINST L. & N. R. R. CO. FOR A VIOLATION OF THE SEPARATE COACH LAW.—JAN. 15.

## Louisville & Nashville Railroad Company v. Commonwealth.

APPEAL FROM HOPKINS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

RAILROADS—RACE DISCRIMINATION—INDICTMENT—SEPARATE COACH LAW—CONSTRUCTION.

Held: 1. An indictment under Kentucky Statutes, 1899, section 796, making it a penal offense for a railroad to discriminate between the white and colored races in furnishing separate cars therefor, alleging that a colored passenger was compelled to travel and remain in a baggage car, which had no fire, seats, or other accommodations like those of the car or partition set apart for the white passengers, but not alleging that the baggage car was set apart for the use of colored passengers, is demurrable.

2. Under the separate coach law (Kentucky Statutes, 1899, sections 795-801), a railroad company is not required to carry a separate coach or have separate compartments for white and colored passengers with a freight train carrying a combination car used as a caboose.

C. J. WADDELL, E. W. HINES AND BENJ. D. WARFIELD, FOR APPELLANT.

### POINTS AND CITATIONS.

1. The indictment is defective in that it is not alleged that the baggage car in which the colored passenger referred to in the indictment was forced to ride was set apart for colored passengers. So far as appears from the indictment the conductor alone was responsible for the passenger being compelled to travel in the baggage car, and for that act of the conductor the railroad company is not criminally responsible. Kentucky Statutes, secs. 795 to 801; L. & N. R. R. Co. v. Commonwealth, 99 Ky., 663, (18 Rep., 492.)

2. The train referred to in the indictment and in the evidence was a freight train with a caboose car attached within the meaning of the statute, and therefore the separate coach law does not apply.

JOHN L. GRAYOT AND N. B. HAYS, ATTORNEY GENERAL, FOR THE COMMONWEALTH.

This appeal is from a judgment for $500 as a fine against the appellant for the violation of the provisions of the separate coach law, embraced in Kentucky Statutes, secs. 795, 796, 797, 798, 799, 800, 801.

The facts in this case and in the case of the Illinois Central Railroad Company against the Commonwealth, 25 R., 295, are similar. In that case said company was indicted for the offense defined by section 795, Kentucky Statutes, while the proof showed the company was guilty of the offense defined by section 796, and because of the variance between the charge in the indictment and the proof said case was reversed. In the case at bar the indictment is under section 796 and the proof conforms to the charge in the indictment. The fine imposed was the lowest provided by law and the judgment of the lower court should be affirmed.

The law requiring and imposing this duty upon railway companies is comparatively of recent date. It has been held constitutional, and yet from the number of times questions of this kind have been before this court demonstrates a desire upon such companies to evade the provisions of this law. Two things go to make a law effective, first, the certainty of the penalty, and second, the severity thereof. The jury in this case failed to impose the latter condition and the appellant has no reason

Louisville & N. R. R. Co. v. Commonwealth.

for complaint. We respectfuly ask that the judgment of the lower court be affirmed.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The trial under the indicment resulted in the imposition of a fine of $500.   The indictment reads as follows:   "The grand jurors of the county of Hopkins, in the name and by the authority of the Commonwealth of Kentucky, accuse Louisville & Nashville Railroad Company of the offense of making a difference and discrimination in the quality, convenience, and accommodation in the cars, coaches, and partitions set apart for white and colored passengers, committed in manner and form as follows, to wit:   The said Louisville & Nashville Railroad Company, in the said county of Hopkins, on the ——— day of September, 1902, and before the finding of this indictment, did make a difference and discrimination in the quality, convenience, and accommodations in a car, coach, and partition set apart for white and colored passengers, in this: that a colored passenger was forced and compelled to travel and remain in the baggage car or partition from Madisonville, Ky., to Providence, Ky., which had no fire, seats, or other accommodations like those of the car or partition set apart for the white passengers."   The court held the indictment good on demurrer.

The first question for review is the action of the court on the question raised by demurrer, to determine which requires a brief review of the separate coach law.   By section 795, Ky. St., 1899, railroad companies are required to furnish separate coaches for white and colored passengers; and it is provided therein that each compartment divided by a substantial wooden partition, with a door therein, shall be deemed a separate coach.   By section 796, Ky. St., 1899, it is provided that railroad companies shall make no discrimi-

nation in the quality, convenience, or accommodations in the cars or coaches or partitions set apart for white and colored passengers.

Section 799, Ky. St., 1899, requires conductors to assign a white or colored passenger to his or her respective car or coach or compartment. For a failure of such duty, section 800, Ky. St., 1899, imposes a penalty upon the conductor. Section 801, Ky. St., 1899, excepts from the operation of the separate coach law "the transportation of passengers in any caboose car attached to a freight train." The railroad company is finable for the failure to provide separate coaches or compartments for white and colored passengers. The failure to do so is in violation of section 795, Ky. St., 1899. If it provides the separate coaches or compartments, and is guilty of discrimination in quality, convenience, or accommodations in the cars thus provided, it is guilty under section 796. The indictment in this case is not under section 795, Ky. St., 1899, for the failure to provide separate coaches or compartments for white and colored passengers, but is under section 796 for discrimination.

A case of discrimination arises when the railroad company has provided the separate coaches or compartments for white and colored passengers, respectively, for, if no separate coaches are provided, the offense is not for discrimination, but for the failure to provide separate coaches or compartments. The indictment does not charge that there was no separate coach or compartment provided for colored passengers, but that there was a difference and discrimination in the quality, convenience, and accommodations in the cars set apart for white and colored passengers. The discrimination alleged in the language of the indictment is "that a colored passenger was forced and compelled to travel and remain in the baggage car from Madisonville, Ky., to Providence, Ky., which had no

Louisville & N. R. R. Co. v. Commonwealth.

fire, seats, or other accommodations like those of the car or partition set apart for the white passengers." It is not charged that the baggage car was set apart for the use of colored passengers, but that a colored passenger was forced and compelled to travel therein. If the conductor wrongfully compelled the colored passenger to ride in the baggage car, the conductor, and not the railway company, violated the statute. Louisville & Nashville R. Co. v. Commonwealth, 99 Ky., 663, 18 R., 491, 37 S. W., 79. The averment that the colored passenger was forced to ride in the baggage car is not equivalent to a charge that the railroad company failed to provide a car or compartment for colored passengers. like that provided for white passengers. While the indictment charges discrimination in general terms, yet, when the acts constituting the offense are described they do not show a discrimination in providing a car or compartment, for colored passengers. The demurrer should have been sustained to the indictment.

The evidence shows that the train in question was scheduled to run as a passenger train between Providence and Earlington, except Sundays. When so run, it consisted of two coaches, one of which was a combination baggage and passenger car, divided by a partition into two compartments, one of which was used for baggage, mail, and express, and the other compartment for colored passengers. The train was not scheduled to run on Sundays, but on that day was run as a coal train. It had no caboose, but used the combination car described as a caboose. It was so run on the day the colored passenger was put in the baggage compartment. It was a freight train. Under section 801, although it carried a caboose for employes and passengers, the railroad company was under no duty to provide separate coaches for white and colored passengers. The law does not

prescribe how a "caboose car" shall be constructed.    It may be constructed with or without compartments.    It may have one or more compartments.    A caboose car is a car attached to the rear of a freight train fitted up for the accommodation of the conductor, brakeman, and chance passengers.    The combination car in this case was used for the brakeman and chance passengers.    The Legislature evidently intended to relieve railroad companies from furnishing separate coaches where a freight train is operated, although it carries passengers in the caboose car.    We are of the opinion that the company was under no obligation to carry a separate coach or have separate compartments for white and colored passengers in the train in question, for it was a freight train carrying a combination car used as a caboose.

The judgment is reversed for proceedings consistent with this opinion.