CASE 8.—PROSECUTION AGAINST THE SOUTHERN RAIL-
WAY IN KENTUCKY FOR FAILING TO FURNISH
SEPARATE COACHES FOR WHITE AND COLORED
PASSENGERS—May 14.

# Southern Railway in Kentucky v. Commonwealth

Appeal from Mercer Circuit Court.

W. C. BELL, Circuit Judge.

Defendant convicted and appeals—Reversed.

1. Carriers — Control — Offenses — Failure to Furnish Separate
Coaches —Ky. St. 1903, section 801, as amended by Act
March 15, 1894, provides that the provisions of section 795,
requiring all railroads to furnish separate coaches for white
and colored passengers, shall not apply to the transportation
of passengers in a caboose car attached to a freight train.
Ky. St. 1903, section 772a, provides that all railway corpo-
rations owning or operating a road exceeding five miles in
length shall run at least one passenger train each way daily,
provided it may run a mixed train carrying both freight and
passengers. The only train run by defendant on a certain
branch, and the only car in which passengers could ride, was
a caboose car, and defendant sold tickets to both white and
colored passengers for use on such caboose car, there being
no separate compartments therein, or no sign on the car
indicating which compartment was intended for white or col-
ored passengers. The prosecution contended that, since de-
fendant was bound to run at least one passenger train daily,
the caboose car in which passengers were hauled must be
considered a passenger train so as to require defendant to
maintain separate compartments therein. Held, that the train
was simply a freight train with a caboose attached, even
though it carried passengers, and defendant did not operate
any other passenger train or the road, and hence the case
was within the exception contained in section 801, and de-

fendant was not liable for failure to maintain separate compartments in such train.

2. Same—Indictment—Issues.—In a prosecution by defendant for failure to maintain separate compartments in its passenger train for white and colored passengers as required by Ky. St. 1903, section 795, it may not be considered whether defendant has been guilty of a violation of section 772a, requiring all railroads to run one passenger train each way daily on the road, and even though the agreed facts show that defendant had not complied with that section, the proper manner of proceeding would be by indictment under that section, and the question may not be considered in this prosecution.

E. H. GAITHER and ROBERT HARDINGTON for appellant.

JAMES BREATHITT and TOM B. McGREGOR for the Commonwealth.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Reversing.

Appellant, Southern Railway in Kentucky, was indicted by the grand jury of Mercer county for a violation of section 795, Ky. St. 1903, requiring railway companies operating in this State to furnish separate coaches or cars for the travel or transportation of white and colored passengers. An agreed statement of facts was filed, and upon this agreed statement the trial was had without the intervention of a jury. Appellant was adjudged guilty, and its fine fixed at $500. From a judgment overruling its motion and grounds for a new trial, the railway company prosecutes this appeal.

The following is the agreed statement of facts: "(1) That the defendant is a corporation organized under the laws of the State of Kentucky, and operating a railroad in Mercer county, Ky., one branch of which runs from Harrodsburg to Burgin, Ky. (2)

That at the date charged in the indictment the defendant was operating a freight train between Harrodsburg and Burgin, to which was attached a caboose. (3) That defendant's agents at Burgin and Harrodsburg sold first-class passenger tickets to such passengers as applied for tickets, colored and white, for said freight train to which said caboose was attached. (4) That the only train run upon said day and other days, and the only car upon which passengers could ride, was said caboose car. Said car was used regularly for all passengers buying first-class passenger tickets at the depot in Burgin for Harrodsburg, and from Harrodsburg to Burgin, and there was no other car attached to said train, or any other train for passengers between said points at said times and days. (5) That the said caboose was not divided in separate compartments, and there was no sign upon said caboose car to indicate which car or compartment was intended for white or colored passengers. (6) That the said colored and white people mentioned in the indictment herein were passengers upon said caboose car, that they held first-class passenger tickets sold by the agent at the passenger depot, and that there was no other car upon which they could ride upon the said tickets on the said days.''

Section 801, Ky. St. 1903, is as follows: ''The provisions of this act shall not apply to employes of railroads or persons employed as nurses, or officers in charge of prisoners (nor shall the same apply to the transportation of passengers in any caboose car attached to a freight train).'' Words in brackets added by amendment of March 15, 1894.

It will be observed from the foregoing section that the provisions of the act in question do not apply to

the transportation of passengers in any caboose car attached to a freight train.

Section 772a, Ky. St. 1903, is as follows: "That all corporations, companies, persons or associations owning and operating a railroad line in this Commonwealth or any branch of any railroad in this Commonwealth the length of which exceeds five miles, shall be required and they are hereby directed, to run at least one passenger train each way on every day of the year, Sundays excepted, over said line: Provided, however, that the operation of a train known as a mixed train on lines carrying passengers and freight for hire, on which both passengers and freight are carried, if operated in accordance with the provisions of this act, shall be deemed a compliance therewith. Provided, further, that the provisions of this act shall not apply to mere coal switches or any switch or branch, which is chartered and used by any corporation, company or person merely for the purpose of carrying freight or coals to their main line or track."

It appears from the agreed facts that the only train run on the day upon which it is alleged the offense was committed and other days, and the only car upon which passengers could ride, was said caboose car; that said car was used regularly for all passengers buying first-class tickets at the depot in Burgin for Harrodsburg, and from Harrodsburg to Burgin; and that there was no other car attached to said train for passengers "between said points at said times and days." It is the contention of the Commonwealth: That it was the duty of appellant to comply with the provisions of section 772a by providing trains for carrying passengers as therein required, that as appellant provided no other train for the carrying of,

passengers, except a freight train with the caboose attached, and regularly sold tickets to passengers to be carried on this train, it was as a matter of fact carrying on a passenger traffic with the train in question, and that this in effect made it a passenger train. That the evident purpose of the enactment of the law was to compel railroad corporations doing a passenger traffic, or regularly engaged in hauling passengers, to separate the races by providing separate coaches or compartments, it matters not whether the passengers were regularly hauled upon a regular passenger train or a regular freight train; that railroads cannot evade the separate coach law by equipping their trains with caboose cars and hauling passengers in them. We do not think, however, that appellant's failure to comply with section 772a, Ky. St. 1903, or the fact that it actually carries passengers in a caboose attached to a freight train, and provides no other train for the carrying of passengers, can alter the character of the train in question. In other words, the carrying of passengers in a caboose attached to a freight train does not change the freight train into a passenger train. The expression "passenger train" and "freight train" have a well-defined meaning. Section 801 recognizes the right of a railroad company, under certain conditions, to transport passengers in a caboose car attached to a freight train. The exemption from liability where passengers are carried in a caboose attached to a freight train was placed in the statute by an amendment of March 15, 1894. The language is plain and certain. The record does not show that any other car in which passengers were carried was attached to the train. The train was simply a freight train with a caboose attached. This, then, brings appellant within the exemption.

Whether or not appellant has been guilty of a violation of section 772a is a question not now before us. It is true the agreed facts show that no passenger train was operated on the branch road between Harrodsburg and Burgin upon the date mentioned in the indictment; but this is not an indictment for a failure to run a passenger train each way upon appellant's road under section 772a. Even if it were, the agreed facts fail to show that the branch road in question exceeded five miles in length, or that it was not one of the branches or switches which are exempted from the provisions of that act. Furthermore, if the agreed facts showed that appellant was guilty of violating section 772a, the proper way to proceed would be by indictment under that section. The failure to run a passenger train each way on appellant's road is not included in, or in any way a part of, the offense mentioned in section 795 known as the separate coach law. Appellant could not be convicted under section 795 for an offense prohibited by section 772a.

Whether wisely or not, the Legislature provided the exemption contained in section 801. The agreed facts show that the train in question was a freight train, and passengers were carried in a caboose attached thereto. Clearly, then, appellant comes within that exemption, and we are therefore of opinion that it was not guilty of the offense charged in the indictment.

For the reasons given, the judgment is reversed and cause remanded, with direction to dismiss the indictment.