## Mammoth Cave Railroad Company v. Commonwealth.

(Decided September 27, 1917.)

### Appeal from Barren Circuit Court.

1.   Railroads—Separate Coach Law—Accommodations for Passengers.—A railroad company, in operating a train consisting of an engine and combination coach with no separate compartments therein for white and colored passengers, violates the separate coach law (Ky. Stats., sec. 795).

2.   Railroads—Accommodations for Passengers—Exception.—A railroad company, carrying white and colored passengers commingled, to come within the exception to the separate coach law (Ky. Stats., sec. 801), must transport them on a train that is distinctly and primarily a freight train, with caboose attached as a necessary part of its equipment.

W. L. PORTER and SIMS, RODES & SIMS for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant operates a railroad between Glasgow Junction and Mammoth Cave, in Barren county, which is nine miles in length. An indictment was returned against it in the Barren circuit court charging it with failure to provide separate coaches, or compartments, for white and colored passengers, as provided by section 795, Kentucky Statutes. Upon a trial before a jury, it was found guilty of the offense charged and adjudged to pay a fine of $500.00, from which judgment this appeal is prosecuted.

The proof shows that the only train operated by the defendant was usually composed of an engine and one coach or car; that this coach is divided into two compartments, the front one being used for freight and baggage, and the rear one being equipped with seats and used for carrying passengers. There are two small intermediate stations between Glasgow Junction and Mammoth Cave, and both freight and passengers are regularly carried on this train, for hire; that when occasion demands, which is not frequent, a gondola car is added and placed between the engine and combination coach for such freight as cannot be carried in the front compartment of the combination coach; and that when the passenger compartment will not accommodate all the passengers an extra passenger coach is carried as a trailer.

Appellant contends that, under this proof, it is within the exemption from the provisions of the separate coach law contained in section 801, Kentucky Statutes, which, in so far as applicable, is as follows:

"The provisions of this act shall not apply . . . to the transportation of passengers in any caboose car attached to a freight train."

It is admitted that separate coaches or compartments were not provided for white and colored passengers, but it is insisted that within the meaning of the statute the train operated by appellant was a freight train and that the rear compartment of the combination coach was a caboose car attached thereto. In support of this contention, we are referred to Southern Railway in Kentucky v. Commonwealth, 129 Ky. 87, and L. & N. R. Co. v. Commonwealth, 117 Ky. 345.

In the first of these cases, there was an agreed statement of facts, in which it was recited "at the date charged in the indictment, the defendant was operating a freight train between Harrodsburg and Burgin, to which was attached a caboose." The agreement that the train in question was a freight train, to which there was attached a caboose, specifically brought that case within the exemption contained in section 801. In the latter case cited, the opinion states that the indictment was not under section 795, Kentucky Statutes, for failure to provide separate coaches for white and colored passengers, but was under section 796, for discrimination. Neither of these cases is, therefore, in point.

In the case at bar, the proof does not show that the train in question was a freight train to which was attached a caboose, but, on the contrary, proves conclusively that the train was not a freight train with a caboose attached within the meaning of the statute.

We quite agree with the quotation from L. & N. R. Co. v. Commonwealth, *supra,* cited by counsel for appellant in brief that, ''the law does not prescribe how a caboose car shall be constructed. It may be constructed with or without compartments. It might have one or more compartments. A caboose car is a car attached to the rear of a freight train, fitted up for the accommodation of the conductor, brakeman, and chance passengers.'' In our judgment, the combination car described in the proof here, if attached to the rear of a freight train, would answer the requirements of section 801, and need not have been equipped with compartments for the separate accommodation of white and colored passengers. We can also agree with counsel for appellant that a freight train may be generally defined, as a train equipped and used for the transportation of commodities, but ''freight train,'' as used in this particular statute, clearly does not warrant so broad a definition. If it may be so defined, every railroad company, by providing for and regularly carrying a small quantity of freight on all passenger trains, would be relieved of the duty of complying with the provisions of the statute requiring separate coaches for white and colored passengers. This certainly was not the intention of the legislature, and the term as used cannot be given so broad a definition without annulling the separate coach law. With equal exactitude, the train in question would be a passenger train, because it was equipped for and regularly carried passengers. It was no more a freight train than is was a passenger train. In fact, the proof shows quite conclusively that the train was primarily a passenger train and that the hauling of freight was but incidental. A train, to come within the exemption allowed by statute, must be one that is distinctly and primarily a freight train with a car attached, used as a caboose and as a necessary part of the equipment of a freight train. It is only under such conditions that the legislature meant to allow the exemption from the provisions of the separate coach law; otherwise the whole law would be a nullity and the legislature did a vain thing in enacting the separate coach law.

Under this construction of the law, which we feel is the only one permissible, there was no proof that authorized the submission of any question of fact to the jury, and the trial court would have been warranted in peremptorily directing a verdict for the Commonwealth. This being true, there is, of course, no prejudicial error in the instructions, which it is alleged assumed the train in question was a train which the law required to be equipped with separate coaches or compartments for white and colored passengers.

For the reasons indicated, the judgment is affirmed.