## THE STATE OF IOWA v. SHINKLE.

1. **Highway**: OBSTRUCTION OF. The obstruction of a legally established highway, which cannot be used by the public for the purposes of a highway in consequence of natural obstacles, is not a punishable offense.

2. ———: WHAT CONSTITUTES. To constitute a highway, the right to appropriate land for the purpose is not alone necessary; it must, in addition, be made capable of use.

*Appeal from Jackson District Court.*

WEDNESDAY, DECEMBER 16.

THE defendant was indicted and convicted for obstructing a highway, and now appeals to this court. The facts of the case are stated in the opinion.

*Amos & Fletcher*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

BECK, J.—Upon the trial defendant offered to prove that the road, the obstructing of which is charged in the indictment, had never been used by the public, and that on account of natural impediments at the points where the alleged

obstructions were placed by defendant, it cannot be used as a highway, and by reason thereof the public have no access to the parts of the highway between the points at which the defendant erected the obstructions. The evidence was excluded. The ruling is made the ground of objection to the judgment appealed from.

The obstruction of a highway is punishable by indictment. The act is forbidden by law, because the public will thereby be deprived of the use of the highway. The public hold an easement in the land, and have the right to travel over it. This right is secured by proceedings authorized by law, by dedication of the owner of the land or by prescription based upon use. If, under the law or by dedication, a right to use a way is acquired, which cannot be exercised on account of natural obstacles, it cannot be said that the public are prevented using the way on account of a fence or house built on the land over which the right of way has been acquired. The act of erecting the structure did not obstruct the road; the obstruction was complete before the act was done. To punish a man for such an act would be contrary to the spirit of the law. He has injured no one; he has deprived no one of the exercise of any right, for the abstract right claimed it was impossible for any one to exercise.

1. HIGHWAY: obstruction of.

The road in question was established by legal proceedings; the public acquired thereby the right to use the road for a highway and nothing more. If it cannot be used for that purpose the public acquired nothing of which they have been deprived by defendant. Why punish him?

Another thought leads to the same conclusion. Something more than the mere *right* to use land for the purpose of travel is necessary to constitute a highway. It must be traveled, or at least capable of use in that way to make it a highway. Before this condition exists the *right* to make a road exists, afterward, the road itself may be said to exist. After the right is established the road must be brought into existence before it is such a highway as is contemplated by the law under which defendant was convicted.

2. ———: what constitutes.

The evidence excluded ought to have been admitted.

Other questions discussed by counsel need not be considered, as the foregoing views lead to the conclusion that the judgment of the District Court must be

REVERSED.