# Leitchfield Mercantile Co. v. Commonwealth.

(Decided April 13, 1911.)

## Appeal from Grayson Circuit Court.

1.  An appeal lies from a judgment under an indictment for a common nuisance requiring the defendant to take down a building although the amount of the fine imposed is less than $50.

2.  A city ordinance providing a penalty for an obstruction of a street or alley is not a bar to a common law prosecution by the Commonwealth for nuisance.

3.  A building over an alley which does not substantially interfere with its use by the public is not a nuisance although it may be a purpresture.

4.  A permit from the city council is void where it is granted subject to the approval of two members of the council who were not present, although they afterwards approved it privately, and though minutes of the meeting were approved by the council at its next meeting.

5.  A member of the council who is interested in a permit can not vote thereon; and if there is no quorum without him a quorum is not present.

WM. B. THOMAS, J. C. GRAHAM, G. W. STONE and Z. T. PROCTOR for appellant.

JAS. BREATHITT, Attorney General, CHAS. H MORRIS, and J. R. LAYMAN, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

The Leitchfield Mercantile Company was indicted in the Grayson Circuit Court for maintaining a common public nuisance by constructing a building across a public

alley in Leitchfield, a city of the fifth class, twelve or thirteen feet above the ground, thereby completely obstructing the space, light and air occupied by the building to the hinderance and delay of the traveling public. The defendant pleaded not guilty. The proof on the trial showed that the defendant had constructed its building under a permit from the city council, and that it had a house on each side of the alley, and had built a metal connection between the two houses twelve or thirteen feet above the alley, and extending along the alley about sixty-five or seventy feet. The proof on the trial showed that the structure did not substantially interfere with the use of the alley by those traveling thereon, it being high enough above the ground to allow loaded wagons and vehicles to pass under it. The circuit court however peremptorily instructed the jury to find the defendant guilty. The jury returned a verdict fixing the fine at one cent, and the court entered a judgment directing the structure over the alley to be removed. The defendant appeals.

The first question made on the appeal is that this court has no jurisdiction. Section 347 of the Criminal Code provides:

"The Court of Appeals shall have appellate jurisdiction in penal actions and prosecutions for misdemeanors, in the following cases only, viz.: If the judgment be for a fine exceeding fifty dollars, or for imprisonment exceeding thirty days; or, if the judgment be for the defendant, in cases in which a fine exceeding fifty dollars, or confinement exceeding thirty days, might have been inflicted."

It is insisted that as the judgment is for a fine of one cent, and no imprisonment is imposed, this court is without jurisdiction of the appeal. But in Cheek v. Commonwealth, 87 Ky., 42, and Johnson v. Commonwealth, 90

Ky., 53, it was held that where the judgment convicts the defendant of an infamous offense and deprives him of the right to hold office, he may appeal although the fine imposed does not exceed $50. The ruling in these cases rests upon the ground that the word "fine" is used in the statute in the broader sense of punishment. In this case the defendant is required to remove a structure that cost a large sum of money, and the punishment inflicted upon it is much more than $50. We do not see that the case can be distinguished from those cited. It was so held under the Code of 1857 (Ashbrook v. Comonwealth, 1 Bush, 139), and in re-enacting the section in the same words we think it evident that the Legislature did not intend to deprive this court of jurisdiction in cases of this character.

The city of Leitchfield had an ordinance which prescribed a penalty of $2 to $10 for the obstruction of a street or alley. The defendant insisted that it was only punishable under the ordinance and that it could not be proceeded against, at common law, by the Commonwealth for a common nuisance. The case of I. C. R. R. Co. v. Commonwealth, 104 Ky., 362, which is relied on to sustain this contention is explained in L. & N. R. R. Co. v. Commonwealth, 117 Ky., 356. In Burdette v. Board of Council of City of Danville, 125 S. W., 275, we said:

"The defendant who has violated both the State law and the city ordinance can not complain if he is prosecuted under the former rather than the latter. The Commonwealth may elect under which it will prosecute."

In that case the city ordinance was held void because it prescribed a less penalty than that prescribed in the State statute for the same offense. But a city ordinance is not void under section 168 of the Constitution, because it prescribes a less penalty than that fixed at common law for a common law offense. (City v. Sparks, 99 Ky., 351.)

When the Legislature created the municipality and authorized it to control its streets and alleys, and to pass ordinances not inconsistent with the laws of the State, it did not relinquish its power to punish common law offenses committed within the city; and for these prosecutions may be maintained either under the city ordinance or for the common law offense at the election of the Commonwealth. (Kemper v. Commonwealth, 85 Ky., 223; Respass v. Commonwealth, 107 Ky., 139.)

It remains to determine whether the proof showed the commission of a common law offense. The streets and alleys are public highways. An encroachment upon them substantially interfering with the public use is a public nuisance. But to constitute a public nuisance there must be a substantial interference or obstruction of the public right. (L. & N. R. R. Co. v. Commonwealth, 19 R., 455; City of Owensboro v. Hope, 110 S. W., 273; Morris v. Prudens, 20 N. J. Equity, 530; People v. Jackson, 7 Mich., 432, 29 Cyc., 1190; Wood on Nuisances, section 17-18.) In Pickrell v. City of Carlisle, 135 Ky., 137, we said:

"Cornices, awnings, shade trees, hitch posts, cellar openings, coal holes, gratings to protect windows, door sills or single steps shutters, show windows a few inches wide, all structures of a permanent nature, and tradesmen's exhibitions of wares in boxes, barrels or otherwise, temporary, but so constant, as to be practically permanent matters, are universally suffered, and are not found either dangerous or annoying to pedestrians. The question always comes back to the point: Are they unreasonable and do they make the street unsafe for the public use?"

Passways over streets and alleys are to be found in nearly every city from one building to another on the opposite side. While not as common as the things above named, they are very common and unless they substan-

tially interfere with the use of the street by the public, they are not common nuisances. The city is given control of its streets and alleys. In Commonwealth v. I. C. R. R. Co., 138 Ky., 749, we had before us an indictment of the railroad company for a common nuisance where the city had closed a city street and under authority given by the city council the railroad company had built its tracks there. Holding that the prosecution could not be maintained, we there said:

"A criminal prosecution presupposes some wrongdoing. In this case the street has been obstructed, and, while appellee admits that it placed the obstruction therein, it pleads that in so doing it violated no law and did no wrong, for the reason that the city authorities, with full power to act, closed the street, and authorized and directed the obstruction placed therein. The city being a branch of the government, its acts, in so far as they are within the scope of its authority, are the acts of the Commonwealth. We are cited to no authority which would justify the State in punishing one for doing an act which it had, for a valuable consideration, authorized to be done. Such a proceeding would not only be unsupported by precedent, but would be most oppressive and unjust to the subject, who has acted in perfect good faith with the government."

We have held in a number of similar cases that if an injury is thus done to any private person he may sue and recover damages for the injury to his property. But this ruling is based on the ground that the municipality has no power to take away his private right, although it may waive the public right. It is true the structure here obstructs the light and air to some extent, but it is no more objectionable in this respect than a covered bridge on a highway such as is in common use. In Bybee v. State, 48 Am. R., 175, it was found as a fact that the structure obstructed the highway and so far as appears, it was

erected without the consent of the city. In Kellogg v. Cincinnati Traction Co., 23 L. R. A. N. S., 158, a similar structure built under a permit from the city was held legal and a property owner who had suffered no substantial injury, was denied relief. The court said:

"The easement for a street extends as far below, and as high above, the surface of the ground as is necessary for street purposes but if the abutter may for a useful purpose, and when the public is not inconvenienced, build an area-way in the street to the basement of his building, or place structures under the street, he may, subject to the same limitations, place structures above the street. There is no complaint here that the public will be inconvenienced, or any property rights injured, but the demurrer admits the statements of the answer to the effect that the bridge will promote the public convenience in the street. The rule that every encumbrance is unlawful, unless expressly authorized by the Legislature, is certain and easy of application, but is not acording to experience, and may result in a very great inconvenience to many and hardship to a few; and, so long as such permits or licenses are revocable at the pleasure of the city, whenever the public convenience requires, and inasmuch as a right to maintain them can not be acquired by their use, however long continued, it is better to suffer a few contentions that may arise than to escape them at the expense of the convenience of so many." (80 Ohio St., 331.)

Reinier's Appeal, 45 Am. R., 373, was a bill in equity by the Attorney General to enjoin the erection of the building as proposed. It was not a criminal proceeding and the powers conferred by our statutes on the municipality are much broader than those there before the court.

It is insisted, however, that the permit under which the defendant built the structure was void. The facts as to this are these: Only four members of the council were present when the permit was granted and one of these

was a stockholder and director in the defendant company. He could not sit in his own case, and not counting him, a quorum of the council was not present. Two members of the council were not present at the time. The ordinance provided as follows:

"This permit to be granted provided same meets with the approval of G. H. Gardner and I. H. Dewees, members of the council who are absent."

The defendant took a copy of the permit and had Gardner and Dewees to endorse their approval upon it, and then erected the building, but this did not cure it. The council can only act when in session. Gardner and Dewees by endorsing their consent on the paper added nothing to its validity. The council at its next meeting approved the minutes of the last meeting, but the approval of the minutes did not amount to a granting of the permit. The council must grant the permit; it can not grant a permit subject to the approval of other persons to be thereafter had. Such action is not a grant of a permit. The discretion is in the council and the council itself must grant the permit.

The building having been erected without a legal permit from the council is a purpresture. A purpresture may be a public nuisance, but is not necessarily such. A purpresture may exist where the public is not put to any inconvenience whatever. (People v. Vanderbilt, 26 N. Y., 287; People v. Park, 76 Cal., 156.) The building being a purpresture, the city council may require it to be removed, or it may in its discretion authorize its maintenance or grant now for then, a permit for its construction, if it sees proper to do so. The title to the streets and alleys is in the city, and the structure not being an indictable common law nuisance, this prosecution may not be maintained. Any obstruction in or over a highway that substantially renders it more difficult of passage or less commodious is an indictable common law nuisance but if it does not substantially affect the public

use, it is not indictable as a common law nuisance; for the gist of the offense is the hurt to the public. (State v. Mayor, 30 Am. Dec., 564; Ayer v. Norwich, 12 Am. R., 396; State v. Hinkle, 40 Iowa, 131; State v. Holman, 29 Ark., 58; 4 Blackstone, 166.) If the building should be allowed to become out of repair, or is so managed or maintained that there is danger or hindrance from it in any way to the public, it will be a common law nuisance, but it is not such when it in no way hurts the public. It was erected under authority of the city supposed to have been duly given. The council in good faith undertook to grant the permit. The defendant acted under it in good faith. Both the city and the defendant have proceeded upon the idea that the permit was valid. No injury has been done the public as the alley was not in fact obstructed and the city may now take such action in the premises as it deems proper.

Judgment reversed and cause remanded for further proceedings consistent herewith.