# City of Covington v. Gausepohl.

(Decided June 16, 1933.)

SAMUEL W. ADAMS and RALPH P. RICH for appellant.

CHARLTON B. THOMPSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The city of Covington has appealed from a judgment by which it was perpetually enjoined from enforcing an ordinance known as No. 2105 by which it prohibited the placing of boxes, barrels, baskets, merchandise, etc., upon the sidewalks of the city and provided a penalty therefor.

The evil which the city sought to abate by this ordinance was the use, by merchants, of the sidewalks in front of their stores for the display and sale of merchandise, thereby obstructing them.

The city enforced this ordinance against the plaintiff and other storekeepers, but allowed hucksters, farmers, and other market people under similar circumstances to use the sidewalks for the display and sale of similar merchandise, and the plaintiff attacked this ordinance because of the unequal manner of its enforcement.

The similar enforcement of an ordinance of the city of San Francisco was condemned in Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 1073, 30 L. Ed. 220, and the court used language of controlling applic-

324

ability here. "Though the law itself be fair on its face, and impartial in appliance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution."

The city would be commended for its efforts to keep its sidewalks clear of obstructions if it acted impartially, but it cannot be allowed to discriminate.

"Whatever space is set apart for the use of the public as a sidewalk the public have a right to use in its entirety free from any and all obstructions, and it is the duty of the * * * city council to see that it is kept in that condition." Chapman v. City of Lincoln, 84 Neb. 534, 121 N. W. 596, 599, 25 L. R. A. (N. S.) 400.

Instead of enjoining all enforcement of the ordinance involved, the court should only have enjoined the city from making discriminations in its enforcement, and this injunction is now so modified, and the judgment is affirmed.