## Stephens et al. v. City Of Russell et al.

February 27, 1948.

Jim Sowards, Judge.

L. D. Bruce for appellants.

John T. Diedrich and Chesley A. Lycan for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Russell, a city of the fourth class, after having passed a parking meter ordinance, entered into a contract with the M. H. Rhodes Company to install the meters. The installation work was commenced and possibly most, if not all, of the meters installed. The appellants brought this action to enjoin the further installation and operation of the meters. A temporary injunction was obtained. On motion to make the temporary injunction permanent, and after hearing oral testimony, the court dissolved the temporary injunction and dismissed the petition. Appellants prosecute this appeal.

Appellants attack the ordinance and urge a number of reasons why in their opinion the ordinance is bad. Appellees have summarized in a very concise form the points argued by appellants as follows:

"1. The adjoining land owners own to the middle of the street and should be able to park there free and

to charge a parking fee deprives them of their property without compensation.

"2. Persons with vehicles over 20 feet long cannot conveniently park so they are discriminated against.

"3. Some merchants think their business will suffer because customers might not want to pay the parking fee.

"4. That the meter company is free of taxation.

"5. The ordinance does not provide redress if the clock on the meter runs wrong.

"6. The ordinance does not make provision for relief if persons are unavoidably prevented from moving their vehicles after their time is up.

"7. The city cannot grant a private privilege to use the streets."

It is true that the ordinance is not as pointedly worded as it might be with reference to the operation of the meters and is somewhat awkwardly stated, yet we see no reason why any one should be misled thereby.

The points raised and the arguments made by appellants are not unlike those generally advanced in opposition to parking meters. The questions raised herein have been carefully resolved in the exhaustive opinion in the case of City of Louisville et al. v. Louisville Automobile Club, Inc., et al., 290 Ky. 241, 160 S. W. 2d 663. The above case was cited with approval in Graves County ex rel. v. City of Mayfield, 305 Ky. 374, 204 S. W. 2d 369.

We are not here concerned with the wisdom of placing in operation parking meters in the City of Russell. It may, and most likely will, work some hardships on some of the residents. The real and only question presented here is whether or not a city of the fourth class, in the exercise of its police power, may regulate traffic by the use of parking meters. We have held that the installation of parking meters constitutes a proper control of the public streets, and have upheld the validity of city ordinances providing for the establishment and installation of parking meters as assistant to that control. See cases above.

Wherefore, the judgment is affirmed.