# Frederick v. City Of Louisville.

June 11, 1948.

W. S. Heidenberg and R. F. Bossmeyer for appellant.

Gilbert Burnett for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Affirming.

Appellant, G. O. Frederick, instituted this action to enjoin the appellee, City of Louisville, from removing a concrete driveway he had constructed on the city's property in front of his home at 106 Northwestern Parkway. The chancellor sustained a general demurrer to the petition and upon Frederick's refusal to further plead, dismissed it and Frederick appeals.

Northwestern Parkway is a strip of land 120 feet wide, through the center of which runs a 40 foot paved road and on each side of this road is a grassplot 40 feet in width. At the edge of the grassplot is a concrete sidewalk. The fee simple title to the parkway is in the city which maintains control and management of it through the Department of Public Works. KRS 97.252.

The petition as amended avers that appellant owns a home at 106 Northwestern Parkway; that the grassplot between his property and the roadway is low in places and is muddy in inclement weather and there is no way to enter his property except through the rear

by an unpaved alley. That on June 4, 1946, the Department of Parks & Recreation of the city, after an investigation relative to the proposed driveway, granted appellant permission to build a concrete driveway 41 feet long and 8 feet wide across the grassplot for ingress and egress to and from his home to the roadway; that he constructed same in a workmanlike manner at considerable expense and in conformity with 24 other like driveways on the parkway. The petition further avers that soon after he completed this driveway the city notified appellant to remove same and upon his refusal to do so, threatened to itself remove the driveway, and appellant asked that the city be enjoined from so doing. Filed with the petition as exhibits are the letter written appellant by the Superintendent of Parks granting him permission to build the driveway, a photograph of appellant's home showing the driveway, as well as photographs of two other like driveways on the parkway in this vicinity.

It will be noticed that appellant does not claim an easement or right-of-way over this grassplot by color of title or by adverse possession. He only avers a permissive use granted him by the Superintendent of Parks but does not allege that official had the power to grant a perpetual easement over property owned in fee by the city and held for public use, or that the Superintendent was acting within the scope of his authority.

Appellant relies upon Pickrell v. City of Carlisle, 135 Ky. 126, 121 S. W. 1029, 24 L. R. A., N. S., 193; Leitchfield Mercantile Co. v. Com., 143 Ky. 162, 136 S. W. 639; City of Princeton v. Poole, 197 Ky. 248, 246 S. W. 819, as upholding his position that owners of abutting lots have the right of ingress and egress in addition to the rights the general public have in the streets, and once having permitted him to erect a structure on the public domain, the city is without authority to compel him to remove it. But we find ourselves in accord with the city that none of these cases is controlling here.

Appellant does not allege that this driveway was necessary for ingress and egress to and from his home. The petition avers there is an unpaved alley through which he has the right of ingress and egress to his garage with his car. The photograph filed as an exhibit

with the petition shows this driveway does not afford a means of entry upon his property, but only that it gives him a private parking place for his car on the grassplot owned by the city. Indeed, his photograph shows that due to an embankment on the front of his lot it would be next to impossible for him to enter his property over the driveway he constructed.

In the Pickrell case, 135 Ky. 126, 121 S. W. 1029, 24 L. R. A., N. S., 193, appellant had built his house up to the property line of the street and extended his steps some 3½ feet out on the pavement, which steps were his only means of ingress and egress to his house. We there held that the city could not compel him to remove the steps from the pavement and said that ''reasonableness'' must govern both the city and the individual in the latter's right of ingress and egress to his property and in any obstruction he may place in a public way in exercising that right. Had Frederick constructed this driveway as a means of ingress and egress to and from his home, we would have a different question from the one presented, and the Pickrell case would doubtlessly control.

In the Princeton case, 197 Ky. 248, 246 S. W. 819, 821, Poole obtained from certain city officials a permit to erect a sleeping porch which extended over the sidewalk. We there said that a city has no inherent power ''to sell, give, or release any of its streets, alleys, or public ways, and when such authority is conferred on the municipality by statute, its enforcement must be strictly according to the statutes.'' Several cases and texts are cited in support of this sound principle of law. See also 38 Am. Jur. sec. 487, p. 165, where a clear and concise statement of this principle is given and many authorities are cited in the notes to that text. However, as the particular sleeping porch in the Princeton case was so high it did not interfere with the traveling public but afforded protection against the weather, this court did not require Poole to remove it, but said that should it be destroyed by fire, or otherwise, the city authorities could refuse to allow it to be rebuilt.

There is no comfort appellant can derive from the Leitchfield case, 143 Ky. 162, 136 S. W. 639. It was there held that the company was not subject to indict-

ment for building a passageway 12 or 13 feet above a public alley in connecting two of its buildings, since the passageway did not interfere with or cause the public any inconvenience. But it was said in the opinion that the building was a purpresture which the city may require to be removed at any time it chose.

For the reasons given the judgment is affirmed.