229 S.W.2d 433 (1950)
312 Ky. 632
TERRELL et al.
v.
TRACY et al.
Court of Appeals of Kentucky.
April 21, 1950.
Joe S. Feather, Williamsburg, for appellants.
Thomas F. Young, Corbin, for appellees.
STANLEY, Commissioner.
The question is the sufficiency of a petition seeking damages and removal of an advertising sign on a sidewalk in front of plaintiff's business. The petition was dismissed after a demurrer was sustained to it.
We summarize the allegations. The plaintiff conducts a retail store on the northwest corner of Monroe and Main Streets in Corbin. The defendants operate a tourist home at the southwest corner of Monroe and Kentucky Streets, one square away. Before the erection of the building occupied by the plaintiffs as lessees, the defendants had erected and have since maintained under permission of the City of Corbin a large electric sign on the corner where plaintiffs' business is located, the same being built into the sidewalk in front of their store. The sidewalk is owned by the city and dedicated to public use. The sign is described as circular, mounted on "a large steel pole or staff which is some ten or more feet in height" and has large letters lighted electrically reading, "Tracy's Tourist Inn" and an arrow pointing toward the defendants' place of business, one block west. It is further charged that "said sign is misleading and many tourists and travelers coming through the City of Corbin get the impression that said Tourist Inn is located in the building wherein plaintiffs are carrying on their said business; that almost daily the plaintiffs are molested by tourists and travelers wishing to take rooms; that such persons believe that said Tourist Inn is in the plaintiffs' building, and that plaintiffs are continually hindered from carrying on their own business by tourists and travelers seeking rooms; that such persons take up a lot of valuable time of the plaintiffs, their agents, servants, and employees. They further state said sign knocks off the view of plaintiffs' store of persons approaching North on Main Street in said city, and that by reason of said sign the view of plaintiffs' store to those approaching from the South on Main Street is completely knocked off, and the plaintiffs are losing the effect of window displays and advertising, and that many persons traveling North on Main Street seeking plaintiffs' store are missing the same because of the inability to see the store for this huge sign, and as a result thereof, many persons are passing up the store of these plaintiffs. The plaintiffs further state that they have no electric sign on *434 their store advertising their business, but that they now desire to erect such a sign on said building and have desired to erect such a sign ever since they opened their business, but that they have been denied their right since such a sign would have to be placed on the part of said building on which the view is completely shut off to persons traveling North on Main Street in said City of Corbin."
It is alleged plaintiffs have suffered injury special to themselves and not to the public generally, and the city was without legal authority to grant the permit to the defendants to erect and maintain the sign "by private persons for personal gain for private business." It is further stated that the plaintiffs' continuing requests made of the city and the defendants to remove the sign and abate the alleged nuisance have been without avail, and the city has refused to take any action in relation thereto.
There are two primary aspects of the case; one, the right of the defendants to maintain the sign in the sidewalk, and the other, the right of the plaintiffs to the remedy sought.
The pleading that the defendants have acted under a permit granted by the city is anticipatory of a defense, yet it may be regarded as of such integral character as to require consideration. The tenor of the brief for the defendants, as appellees, indicates the concession that without such permit they may not rightfully erect and maintain the objectionable sign. This is so because streets and sidewalks are established and maintained primarily for purposes of travel by the public and uses incidental thereto and not inconsistent therewith. 25 Am.Jur., Highways, Secs. 163, 164, 191. The public has the right to the unobstructed use of a sidewalk. City of Covington v. Gausepohl, 250 Ky. 323, 62 S.W.2d 1040. An individual or corporation has no inherent right to use a public way to conduct his private business.
We are concerned in this case only with the right of persons who are not owners or in possession of property immediately abutting the place to appropriate' use and obstruct a sidewalk for private purposes, namely, to advertise their business, under a mere permit, undefined but presumably by special action of the city authorities. The appellees would justify the city's power to permit them this use under its general authority to exercise control over its public ways. KRS 94.360. They cite Stephens v. City of Russell, 306 Ky. 727, 209 S.W.2d 81, holding a city may contract with a corporation to install parking meters. Neither the statute nor the case is in point. They deal with the regulation of public use and traffic by ordinances. Nor do we think the point well taken that this is a matter of street regulation in that the sign serves a public purpose in directing transients to a tourist inn. A similar contention with respect to the power of a city to permit a private corporation to install relatively small traffic signals containing advertising matter at cross-walks, without expense to the city, was thus answered in State v. City of Hutchinson, 144 Kan. 700, 62 P.2d 865, 866:
"The court does not read this statute as authorizing the city to permit the construction of billboards in the traveled portion of streets. Leaving that subject at one side, the contention of the city relating to legislative discretion is true only when the regulation has some public object in view. Streets are for public use, and the regulative power of the city is exercisable in the interest of the general welfare only.
"The advertising sides of the structures have no relation to the public interest whatever. They are maintained by a private corporation, for its own private, pecuniary profit. They are designed to divert attention of street users from street uses, and without any relation to public safety, convenience, or welfare, they invade the public interest in two ways: By encroachment, and by obstruction to traffic. That the encroachment is not very large does not affect the principle. * * *
"Because the private features of these structures in the streets have no function to perform in the nature of a traffic regulation, and bear no relation to the public welfare in the use of traffic ways, the court has authority to interfere. The subject of arbitrary or capricious exercise of power is not considered. The action of the city was not taken in a field over which the city has legislative *435 power, and the structures are unlawfully maintained."
This case comes within the quite universal law that a city has no power without express legislative authority to authorize a particular private individual to erect a structure or obstruct or otherwise make permanent use of any portion of a street or sidewalk for a special private purpose. There are qualifications, but it may be said that this rule is more restricted in its application where the benefitted individual is not the owner or in possession of the immediately abutting property, as is the situation in the present case. 25 Am.Jur., Highways, Sec. 191 et seq., 276, 294. Compare Labry v. Gilmour, 121 Ky. 367, 89 S.W. 231; Home Laundry Co. v. City of Louisville, 168 Ky. 499, 182 S.W. 645. The use or obstruction may be of such character as to constitute a public nuisance. Stratton & Terstegge Co. v. Meriwether, 154 Ky. 839, 159 S.W. 613; Alsip v. Hodge, 214 Ky. 438, 283 S.W. 392.
In Winter Bros. v. Mays, 170 Ky. 554, 186 S.W. 127, 128, the defendants had erected a refreshment booth in a street, although it had not been improved as such at the point. It was held that the pleaded authority or permit issued by the city for the structure and the operation of the business was no legal defense. The court said: "The city authorities, holding the street in trust for the public use, were without authority to grant appellee the privilege of erecting a booth or conducting his private business in the street; and hence the permit granted him by the authorities of the city, and under the authority of which he alleged that he was acting, did not vest him with any right."
A like conclusion was reached in respect to a permit to erect a sleeping porch overhanging a street in City of Princeton v. Poole, 197 Ky. 248, 246 S.W. 819. It is to be observed that relief was denied the plaintiffs in each of these cases upon other grounds. Compare Frederick v. City of Louisville, 307 Ky. 740, 212 S.W.2d 267.
The petition shows that the plaintiffs are suffering a special annoyance and injury from the described nuisance and are, therefore, in a position to have it abated. This right exists in them as lessees and parties in legal possession of the property with the use of which the obstruction interferes. Gibson v. Black, 9 S.W. 379, 10 Ky.Law Rep. 373; Bourbon Stockyard Co. v. Woolley, 76 S.W. 28, 25 Ky.LawRep. 477; Stratton & Terstegge Co. v. Meriwether, 150 Ky. 363, 150 S.W. 381; Rudd v. Kittinger, 309 Ky. 315, 217 S.W.2d 651.
We are of opinion that the plaintiffs stated a cause of action and that the demurrer to the petition should have been overruled.
The judgment is accordingly reversed.