# Northio Theatres Corporation v. 226 Main Street Hotel Corporation

June 16, 1950.

K. S. Alcorn, Judge.

James F. Clay for appellant.

Chenault Huguely for appellee.

JUDGE REES—Affirming.

The appellee, 226 Main Street Hotel Corporation,

filed a petition in equity against the appellant, Northio Theatres Corporation, seeking an injunction restraining the further erection of a marquee in front of the theatre of appellant in Danville, Kentucky, and requiring the removal of the marquee and enjoining the appellant from putting any structure on the theatre which will interfere with the proper use and enjoyment of certain rooms of the Gilcher Hotel leased by the appellee. The chancellor, after hearing the evidence, rendered judgment for the appellee substantially as prayed for in the petition.

The appellee is the lessee of the Gilcher Hotel in Danville, Kentucky, for a 15-year term beginning January 1, 1948. The theatre of appellant, Northio Theatres Corporation, is a part of the same building, and was leased from a common lessor for 20 years from May 16, 1947. The hotel portion of the building extends over the theatre so that rooms 201, 203 and 205 are directly over the theatre entrance. Until May, 1949, there was a marquee over the theatre entrance just below rooms 201, 203 and 205. Each end of the marquee was located at right angles to the front wall and extended straight out towards the street. In May, 1949, appellant replaced the old marquee with a new one of somewhat different design. Appellee brought this action to enjoin further construction and compel its removal on the ground that the new marquee was a substantial invasion of appellee's easement of light, air and view as an abutting owner. The new marquee has built up ends that toe in at an acute angle of 45 degrees to the front of the building and rise up from the base of the marquee to a height of 45½ inches above the window sills of the three rooms affected. The view from these three rooms up and down the street is almost cut off, and it is claimed there is a substantial interference with the passage of light and air. It is further claimed by the appellee that the light and heat from the illumination of this marquee and its signs at night will constitute an added damage to these rooms of appellee's hotel. The appellee claims that the rental value of these rooms has been diminished $1,313.16 a year, and it introduced uncontradicted proof to that effect. The rooms are now undesirable, and the percentage of occupancy dropped more than 40% immediately after the construction of the marquee. The appellant introduced evidence showing that the new

marquee was erected at a cost of approximately $14,-000. The leases of the parties to their respective portions of the building were filed as exhibits. The lease of the appellant, Theatre Company, provides as follows:

"The Lessee shall have the exclusive right (subject to all applicable City, County and State laws, statutes, ordinances, orders and regulations) at all times during the term of this Lease, and at its expense, to maintain and operate the signs which it now maintains and operates upon or about any part of the demised premises, and any replacement of any such present sign which is in substantially the same location. No additional signs may be erected by Lessee on the demised premises nor may the present signs be relocated without the written consent of Lessor first obtained, which consent shall not be unreasonably withheld."

The lease of the appellee, Hotel Company, provides as follows: "The lessee covenants and agrees that during the term of this lease it will not permit any use or occupancy that unreasonably disturbs or interferes with the operation of the 'Kentucky Theatre' such as obnoxious odors, gases or undue interfering noises * * *. Lessee also covenants and agrees not to erect any sign on any portion of the demised premises."

On this appeal the appellant urges three grounds for reversal of the judgment: (1) In Kentucky an abutting owner has no easement of view from the windows to a public highway; (2) appellee is not entitled to an easement of view under the terms of its lease; and (3) there is no such interference with the view as to justify injunctive relief.

Appellant concedes that an owner of property abutting on a street has an easement of light and air, but the argument is that the evidence fails to show any interference with such an easement or if there is interference it is not such as justifies injunctive relief. We think the evidence, including several photographs filed as exhibits, shows conclusively that not only is the view from the windows of the three rooms almost completely obstructed but the flow of air and light into the rooms is materially interfered with. The built up ends of the old marquee were lower than the ends of the present marquee, were set at right angles to the front of the building, and did not interfere materially with the flow

of air and light into the rooms. During the examination of the witness, Arthur S. Geele, the court asked: "Does the proposed marquee with its wings as presently constructed, that is the new one, do they appreciably darken these rooms?" and the witness answered: "Yes, sir, they do." The court then asked: "More than the old marquee does?" and the witness answered: "Yes, sir, definitely, very much so. They are gloomy and the outlook is very bad." Several other witnesses testified to the same effect, and their testimony is supported by the photographs. The rule recognized in practically all jurisdictions is that abutting owners have a right to the free enjoyment of an easement to have light and air come to their property over the highway. Yale University v. City of New Haven, 104 Conn. 610, 134 A. 268, 47 A.L.R. 667; Liddick v. City of Council Bluffs, 232 Iowa 197, 5 N.W.2d 361; 39 C.J.S., Highways, Sec. 141. The rule was recognized, though under the facts not applied, in Lee v. Macht, 235 Ky. 509, 31 S.W.2d 906. There is some conflict in the authorities as to whether or not an abutting property owner has an easement of view to and from the highway, but we think the better rule, supported by the great weight of authority, is that he has such an easement. Klaber v. Lakenan, 8 Cir., 64 F.2d 86, 90 A.L.R. 783, where the authorities are collected; 25 Am. Jur., Highways, section 155. Speaking of the two kinds of rights of an abutting owner in an adjacent street or highway, which are public rights enjoyed in common with all other citizens and certain private rights which arise from the ownership of property contiguous to the highway, the court, in Kelbro, Inc., v. Myrick, 113 Vt. 64, 30 A.2d 527, 529, said:

"While the cases involving such rights relate, mainly, to questions of ingress and egress, light and air, and lateral support, neither logic nor sound legal principle exclude the recognition of other rights equally valuable to an abutting owner. Skinner v. Buchanan, 101 Vt. 159, 165, 142 A. 72; Barnett v. Johnson, 15 N.J.Eq. 481, 487.

"These private property rights are usually termed easements. Even if it can be questioned whether they are true easements in the strictest sense they are at least rights in the nature of appurtenant easements, the abutting property being the dominant and the highway the servient tenement, and they are governed by the law of

easements. An important right of this nature is the abutter's right of view to and from the property, from and to the highway; that is, his right to see and to be seen.''

The evidence establishes that the appellee in the present case suffered serious injury peculiar to itself and independent of injury to the public. Under the circumstances, the chancellor properly granted an injunction requiring the removal of the obstruction and the construction of the marquee in such a manner as will not interfere with appellee's easement of light, air and view to a greater extent than did the former marquee. Terrell v. Tracy, 312 Ky. 632, 229 S.W.2d 433. See annotation in 40 A.L.R. 1321.

It is argued that appellee took its lease subject to appellant's lease, which permitted appellant to erect the marquee in question. Under its lease appellant has the right to maintain the signs in existence when the lease was executed or any replacement which is in substantially the same location. The lease does not authorize appellant to erect an entirely different marquee which interferes with the rights of the lessee of the remainder of the building.

Judgment is affirmed.