## JAMES et al. v. CITY OF FRANKLIN et al.

Court of Appeals of Kentucky.

Dec. 14, 1951.

Rodes K. Myers, Leland H. Logan, Bowling Green, for appellants.

David Martin, Franklin, G. S. Milam, Russellville, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment sustaining the right of the City of Franklin to install parking meters around the County Courthouse in Franklin.

In 1946 a parking meter ordinance was passed authorizing the use of parking meters in the City of Franklin, a fourth class city. The ordinance vested authority in the mayor to designate locations for additional meters. On January 6, 1950, the city council passed an ordinance authorizing the purchase of additional meters, which were to be installed at locations designated by the mayor. The mayor designated four streets surrounding the courthouse and adjacent thereto as the site of the additional meters. The meters were to be placed on Main Street, Cedar Street, College Street and Kentucky Avenue, which streets are adjacent to the courthouse. Parking meters had previously been installed on the opposite sides of these streets.

Appellants, members of the Fiscal Court of Simpson County, brought this action seeking a declaration of rights under Section 639a–1, of the Civil Code of Practice and also asked for a temporary injunction to restrain the installation of the meters. On April 14, 1950, the city council passed another ordinance, which, in effect, combined the 1946 ordinance and the ordinance of January 6, 1950, and set them out in their amended answer. The appellants contend that the City cannot erect the meters: (1) Because they will be installed on County property which has never been dedicated to the City or deeded to the City; (2) that the ordinance is a revenue producing measure; and (3) since Cedar Street and Main Street are now a part of the state highway system, the City must give notice of the ordinance to the State Highway Department at least five days prior to the time the ordinance is voted on.

Prior to 1934, there was a brick sidewalk completely surrounding the courthouse. On the inside of the brick walk there was an iron fence. In 1934, the brick sidewalk was replaced by the present concrete sidewalk.

On the side of this concrete sidewalk next to the courthouse, benches have been permanently installed for the use of the public. Behind the benches and next to the courthouse proper there is an eight inch concrete curb, which is on the boundary line of the old iron fence. The concrete walk is about nine feet in width and there is a strip of land approximately fifteen feet wide between the outside of the sidewalk and the curb at the edge of the street. Parking meters are to be installed about twenty-two inches from the curb next to the street and will be erected on this fifteen foot strip of land. The County claims that this strip of land is County property, has never been dedicated to the City, has never been deeded to the City, and if it has been dedicated, it has never been formally accepted by the City.

This fifteen foot strip of land has been used by the public generally for a period of twenty-eight to forty years. About twenty-five years ago the City installed a "white way" which consisted of large metal posts supporting big electric lights. The City has at all times maintained this "white way" and paid the electric light bills for it. The City laid a sewer in this strip of land, planted trees there, and erected a City Hall on this strip of land eighteen years ago, and all of the City offices except that of the city attorney are maintained in this building. Also, there is a mineral well on the disputed strip, which has been maintained by the City for at least forty years and the City has paid all the expenses incident to its operation. There is a brick house over this mineral well, which the City has leased for many years to individuals for the purpose of selling popcorn and confections, and it has received all the rentals from it. A water line has been installed in this same strip.

At no time did the City request the consent of the County to install any of these services. Although there is no deed passing title to the City, that point is not material. The principles of law laid down by the case of Graves County ex rel. Robbins, v. City of Mayfield, 305 Ky. 374, 204 S.W.

2d 369, are controlling of the case at bar, and we see no purpose in repeating them here.

■ The County claims the Mayfield decision is not decisive of the case at bar because of a difference in the location of the metal poles which support the meters in Mayfield and in Franklin, but we find this merely a minor, factual difference, and in no way controlling. Nor do we believe the City's failure to notify the State Highway Department of the passage of the ordinance is a failure about which the County may complain.

■ The fact that revenue is an incident of the regulation of parking does not vitiate the ordinance. City of Louisville v. Louisville Automobile Club, 290 Ky. 241, 160 S.W.2d 663; Stephens v. City of Russell, 306 Ky. 727, 209 S.W.2d 81; City of Falmouth v. Pendleton County Court, 308 Ky. 526, 215 S.W.2d 101.

The judgment is affirmed.